Ruffin, Chief Justice,
 

 after stating the case as above, proceeded as follows: — The plaintiff’s objection to the evidence, and the first part of the instruction prayed by him, rest on the same position. It is, that the disability of infancy can be insisted on only by the infant himself,'
 
 *323
 
 or his privies in blood; and that a privy in estate cannot allege the infant’s deed to be void. It may be true, that the infant or his heir alone can disaffirm his deed. It is his privilege; and until he shall treat the deed as void, or act upon a right to the estate as if a deed did not exist, third persons may not assume the privilege. But after the party has disaffirmed his deed by an act legally sufficient for that purpose, then his allienee, and indeed all persons, mav treat the deed as null; for it is then all one, as if it never had existed. If this were not so, land once conveyed by an infant and resumed by him, would be forever after unalienable. His Honor, therefore, laid down the law properly, that the party to this deed might disaffirm it; and when that was done, that others might take advan'tage of the disaffirmance. .
 

 The disabi. tjofinf311 insisted on ™f^ty *e his privies ' estatecan-advantage °^4- t®ut infant has ^o^his be disaf-fn™person,
 

 whether thedeed of voicCor1 18 “"Jyyojd-
 

 Is not a bargainand itsalebyan
 
 *324
 
 infant in-efficacious until confirmed ; and must the proof of 'cohfirma"tion come from him claiming under it ? Qw;.
 

 
 *323
 
 The remaining questions are, whether the deed to Hoyle •was in this case disaffirmed and avoided ; or whether it was ratified or confirmed.
 

 Before proceeding to discuss these points, it is to be first observed, that in the Superior Court, an important proposition was yielded to the plaintiff; which is, that the deed in question was only avoidable and not void. That is the doctrine of the case
 
 Zouch
 
 v.
 
 Parsons, 3
 
 Bur. Rep. 1794, and has been subsequently recognized upon the authority of that case. But the point does not seem to be at rest. It involves much learning, and there will be found on it, an irreconcilable conflict of opinion among judges and jurists of great eminence. While some deeds of infants areWreed on all hands to be void, and it is said that others are voidable, it is seen that those who hold the latter opinion, differ as to the principle which prevents them from being null
 
 ab origine:
 
 it being held by some, to be the solemnity of the instrument; by others, the delivery of the thing conveyed by the infant personally ; and by others, the apparent benefit or disadvantage of the infant. It is not proposed to go into this discussion; for the decision of the question is not necessary to the decision of this case. It is not, indeed, readily apprehended what is meant, when it is said that a deed of bargain and sale by an infant, is only voidable. It may be that
 
 *324
 
 is hot void in the sense, that the other contracting party or strangers can so treat it; or in the sense, that it admits of confirmation by some method or other at the full age of the bargainor. But it is a different question-, whether as against the bargainor himself, or those in privity with him, it is not to be regarded as inefficacious until it be confirmed : whether the evidence of confirmation must not come from the bargainee, to cure the original defect of his title-: or whether the evidence of the avoidance is to come from the other side to get clear of the deed as a conveyance? An entry will avoid a feoffment made by an infant. It is necessary, because the feoffment Passes die land itself, whereby the feoffee get's a defeasible ‘estate, and that must be divested before another 'can have such a right as is necessary to ’maintain an fiction for the possession. But a deed operating under .the statute of uses> does not pass the land,.but only the use-; and the statute transfers the possession to such use as the contract of the parties raised. Now, an infant has not capacity, in the view of a Court of equity, to contract for the sale of
 
 ¡ * k *
 
 his land ; and his contract raises no use which ban be then enforced. How, then, upon his bargain and sale,can he gtan(j scjze(j f0 a use¡¡ which the statute can 'execute? Lord Coice lays it down, that a deed of an infant, operating under the statute of uses, will not pass the land, and may !je avoided by the infant when he will;
 
 for it is of no effect to raise a use.
 
 2 Inst. 673. Then no act of the for as between bargainor'is necessary to revest his estate him and the bargainee, it never vested in the latter, nor 'was out °f die former. If the bargainee were to bring tres,pass against his bargainor, the latter might give his infancy in evidence on ■ not guilty or
 
 liberum temmeritüm ■;
 
 for it couhj be done in no other way. It is not perceived either, . .
 
 J
 
 . . . - , why the infant may not at once bring ejectment tor the land, without a previous disaffirmance ire
 
 pais;
 
 for the thing to be avoided is not as estate, but simply the deed. If an infant be sued oft his bond, he disaffirms it by plea simply. If he sells personal chattels, he disaffirms the whole contract, whether by delivery or by deed, by suing for the chattels; which is the constant course. 'It is
 
 *325
 
 •otherwise in the case of land, when the conveyance operates by way of transmutation of the possession. But a deed of bargain and sale is out of the reason of that. Upon principle, therefore, it would seem that ejectment 'on an infant’s bargain and sale cannot be maintained ‘against the bargainin', or one in possession under him, unless a confirmation after full age be shown; as without it, the lessor’s title is in itself defective. • The reasoning . ’ 7 „ . . , , , in
 
 Zouch v. Parsons, tends
 
 to the contrary-; though the particular point decided, may stand with it. That was, that the infant heir of a mortgagee in fee might, after payment of the mortgage money, convey the premises by lease and release. When the case has been subsequently discussed, it has been generally allowed to be right on this ground, if no other; that by a modern statute the infant was compellable in the Court of Chancery to convey the land; and therefore, that one Court could not hold the act 'to be void, when voluntarily done, which, if not thus done, 'another Court would coerce. It is to be observed, however, that although the Chancellor would in such a casé decree a conveyance, it is to be considered what species of conveyance would be proper, and that he ought not to select one that upon its face would be ineffectual at law, unless prescribed in the statute. But it is certain that Lord Mansfield., and his associates, did not place the decision on that principle ; but, on the contrary, treated it as a general question on the capacity of infants to convey. To the -general proposition, that an infant’s deeds of bargain and sale, or lease and release, are not void as against himself, the foregoing doubts have been suggested. The most serious dissatisfaction with it has been indicated, not unfrequently, and judicially; and Mr. Preston in his able Treatise on Conveyances, p. 248, besides other respectable writers, has animadverted on itr in a strain which is unusual in the profession. It is certain, at least, that the general reasoning in
 
 Zouch
 
 v.
 
 Parsons,"is
 
 not, at .this day, received as settled law. Its adoption or rejection is not indispensable m the case before us; and therefore, it has been deemed proper, while it is not denied, to let it be seen that an approbation of it is not to be inferred,
 
 *326
 
 as it might, from a silent acquiescence in the terms used in the instructions delivered to the jury.
 

 
 *324
 
 A feoffment ™a?h«&nt 'tainejecb. xu crsaxcs defeasible estate. must be 'avoided by an entry before another person ment, because it passes llie land itself, and creates
 

 But a deed •fertile118" operating under-the statute of uses, does ‘land, and only such uses are "executed afe 'eif in chancery; and there raised by the contract or an infant to sell his land.
 
 It siems
 
 therefore, that it may he disaf-firmed without an '•entry, and
 
 *325
 
 plea not guilty, °erJe'me™m *“»»•
 

 And also that ejectment cannot be maintained on it without showing a confirmation after fall age,
 

 
 *326
 
 If this deed be only voidable, and admitted of confirmation, the Court is clearly of opinion, that it has been avoided by the making of the deed to the defendant, and had not been previously confirmed. 'It seems to be quite well established, that a deed of bargain and sale to another person after full age, is a complete disaffirmance and destruction, on the part of the bargainor, of his prior deed of the same kind, executed during infancy. No cases in the English books, directly in point, have been found. That of
 
 Frost
 
 v.
 
 Wolverton,
 
 Str. 94, is most nearly analogous. It was a fine, with a declaration of the uses by an infant; and after full age he made a second declaration of other uses. It was held, that the estate should go according to the latter. But in
 
 Jackson
 
 v.
 
 Carpenter,
 
 11 John. Rep. 539, and
 
 Jackson
 
 v.
 
 Burchin,
 
 14 John. Rep. 124, the Court of New York held that a second deed, as an act equally solemn and notorious as the first, was an effectual avoidance of it; and in one of these cases the bargainor was out of possession. In the cas.e before us, the rule need not be carried so far. Here Hoyle was never in possession, actually or constructively; but the defendant had the possession under the lease from the widow, and took his deed while thus in possession-. The bargainor therefore did all that he could do in avoidance of his first deed; which must suffice, since the deed was in some way voidable. In this respect, the case is like that of
 
 Tucker
 
 v.
 
 Moorland,
 
 10 Peters’s Rep. 59; in which Mr. Justice StoRY delivered the opinion of the Court, and elaborately investigated all the questions debated before us, and came to the same conclusion on this point.
 

 In the same case, the Supreme Court of the United States furnishes the authority of their judgment, “ that if one after full age voluntarily and deliberately recognize a deed, which he made during infancy, as an actual conveyance of his right, or during a period of several months acquiesce in the same without objection, yet he may •impeach it on account of his minority and may do so by
 
 *327
 
 thereafter conveying the land by bargain and sale to another person. It was held, that neither proposition. insisted on by the plaintiff, is true; that recognition merely of the existence of the conveyance was not, itself, a confirmation, and
 
 a fortiori,
 
 that acquiescence could not be. It is singular, if a bargain and sale of an infant was deemed in England to be voidable only, that no decL sion of the courts of that country, or a
 
 dictum,
 
 can be found, upon the question, what acts or matters will avoid it, or will constitute a confirmation, and impart validity to it. The cases of acceptance or payment of rent after full age, on a lease made .during infancy, which are stated in the boohs as confirmations of the lease, do not cover the ques.■tion raised by the record before us; for those are acts which in themselves are evidence of a tenancy, and, in the nature of an estoppel, create an interest in the other party. Even the receipt of rent by the, wife, after- the death of her husband, is a confirmation of a lease of her land made during the coverture.
 
 Doe ex dem. Collins
 
 v.
 
 Weller,
 
 7 Term Rep. 474. 2 Saund. 180, note 9. In those cases there is a benefit arising and received by a distinct act after the party is
 
 sui juris.
 
 In
 
 Baylis
 
 v.
 
 Dinely,
 
 3 Mau. & Selw. 482, to a plea of infancy to debt on a bond with ■a penalty, it was replied, that after full age, the defendant ratified and confirmed the bond. On demurrer, the repli-. cation was held to be bad, because it did not set forth how or by what means the ratification was made; and Lord Ellenborough declared himself of opinion, that the requisite act of confirmation after full age, should be of as great solemnity as the original instrument. It may be doubted, then, whether any verbal declarations will suffice; or any laches or acquiescence, unless for so long a time, that the possession under the deed constituted
 
 perse
 
 a title. We find but a single case decided anywhere in the affirmative. But that is one in our own courts.
 
 Houser
 
 v.
 
 Reynolds,
 
 1 Hay. Rep. 143. It is shortly reported, and was, morever, decided by a single jddge at Nisi P-rius, upon the authority of the cases on the acceptance of rent, cited from the common place books, which do not seem applicable, as has been already remarked, EdA
 
 *328
 
 admitting that case to be law, it is only an authority where the declarations are directly between the parties to the deed, and contain an explicit recognition of the deed,, and expression of the maker’s satisfaction with it, as a conveyance. Nothing less, we think, ought or can suffice. Even , the personal contracts of infants do not bind upon the mere recognition of them after full age, nor upon the acknowledgment that the debt is due; but only upon a ratification by express promise; or by an unequivocal act, from which the inference is certain, that a legal liability was meant to be acknowledged. Much less should loose and ambiguous words, from which inferences of opposite kinds may be drawn, uttered incidentally in casual conversations, and without deliberation, and without any view at the time of thereby confirming his previo.us voidable deed, deprive the person of his right in the realty. The conversations of Houston with Allen, and after he came to this state, are nothing more than, acknowledgments of his having made a contract with Hoyle; without the least reference to any deed that he had made, or might have made; and expressly leaving it uncertain, whether or not he would acquiesce in the sale. The same may be said of the evidence of his mother, except that he promised her that he would not sell the land again. But she does not explain his reason, or her own, for wishing such a promise. It might have been, that she desired that he would not sell to any person, but keep his paternal estate; and that he assented on that account; which would imply an intention to disaffirm the contract with Hoyle. She may have wished him to complete thq sale to Hoyle; and he may have replied as he did, merely to gratify her, and without an intention of fulfilling his promise. On the other hand, it is said that he might have, had such an intention; and therefore it is insisted for the plaintiff, it should have been left to the jury
 
 quo animo ?
 
 But the answer is; that it does not appear the mother knew that he had executed a deed: neither made any illusion to it. How, then, could this particular instrument be thereby confirmed, as the son’s deéd ? There is no, evidence that the conveyance was in her mind, or in his;
 
 *329
 
 much less, that either. intended what then passed as a ratification of it as a conveyance. In the cases cited from Johnson’s Reports, the declaration of the bargainor to the second bargainee, at the time of executing the deed, that he had made the first deed twelve years before, and an acquiescence during all that time, were not deemed obstacles to the operation of the second deed, either as an act in avoidance of the first deed, or as passing the title to the last purchaser.
 

 We think, indeed, that there ought to be some, benefit arising to the bargainor, and distinctly received by him, after full age; or, at the least, a plain, positive, and express ratification, by declarations made with that view. We do, not lay it down that this last, even, will do. It would rather seem, that there should be some act which, independent of the words, imparts an estate or interest in the bargainee, or an acting in fulfilment of the contract, on which the deed was given; as if the bargainor purchase, and take a conveyance for a part of the same premises; or, receive a part qf the purchase money after full áge, or the. like. But if declarations are in any case sufficient, those proved in this case have no tendency to establish the ratification of the deed, but could only mislead the jury. The Court therefore, properly told them, that they did not amount to an affirmance. After the clear act of disaffirmance shown on the part of the defendant, the
 
 onus
 
 was on the plaintiff to establish a previous ratification, or confirmation, as it is called. That he could not do by proof of declarations from which, by possible or strained construction, the ratification might ingeniously be inferred; but only by such as imported a present, express, and direct intent thereby to ratify.
 

 Per Curiam. Judgment affirmed.