Pearson, C. J.
 

 The statement of the case made up and signed by the counsel for the parties, is not as clear as it should be, but from it, and the admissions on the argument, these points are presented.
 

 1. Can an infant, who has executed a deed for land, make void the deed by any act while he is under age ? for instance, by bringing an action of ejectment before he arrives at age, against the bargainee ?
 

 This Court considers that the law is settled. While under age, he cannot aifirm or disaffirm, confirm or repudiate any ■act or deed; for the obvious reason, that he is supposed to
 
 *427
 
 have the same want of discretion, on account of which his first act or deed is voidable.
 

 2. If an infant sells and makes a deed for a tract of land, and before coming of age, commences an action of ejectment against the vendee, and after he arrives at age, pending the action of ejectment receives the purchase-money from the vendee,-does the fact of receiving the purchase-money confirm the deed, and if so, can such confirmation be taken advantage of by the defendant, without a plea since the last continuance ?
 

 "We consider it settled that the deed of an infant is not void, but is voidable by him after he arrives at age — that in order to avoid^the deed, mere words are not sufficient, but there must be some
 
 deliberate act
 
 done, by which he takes benefit' under the deed, or expressly recognizes its validity; e. g. if he takes a deed from the vendee for a part of the land which he had before conveyed, or if he receives the whole or a part of the purchase-money due to him by force and in pursuance of the contract under which the deed was executed. See the cases,
 
 Hoyle
 
 v.
 
 Stowe,
 
 2 Dev. and Bat. 320;
 
 Armfield
 
 v.
 
 Tate,
 
 7 Ired. 258 ;
 
 Murray
 
 v. Shanklin, 4 Dev. and Bat. 276 ;
 
 Benton
 
 v.
 
 Sanders,
 
 Busb. 360.
 

 In regard to the question,' whether this act of confirmation can be given in evidence under the general issue, or must be pleaded as a plea since the last continuance: The distinction is this: when matter occurs pending the suit, which does not affect the title, but merely affords ground for an objection to the further prosecution of the suit as it is then constituted, such matter must be pleaded, or be in some other mode specially bi ought to the notice of the Court, as when a party dies or marries, or the plaintiff takes possession of the thing sued for. But where the matter affects the title, it may be given in evidence under the general issue; indeed, in the action of ejectment, the pleadings are so much at large, that an estoppel may be taken advantage of under the general issue, notwithstanding the general rule that estoppels must be pleaded specially. In our case, the act of receiving the purchase-.
 
 *428
 
 money affected the title; for, by it the deed was confirmed, and the confirmation related back so as to give effect to the deed from the time of its execution. See the cases cited above.
 

 Upon these facts, this Court is of opinion that the Judge below erred in directing the jury to find the defendant guilty.
 

 Per Curiam,
 

 Judgment reversed and a
 
 venire de nemo.