## W. S. CAFFEY *v.* OBED McMICHAEL.

In passing the accounts of a guardian, he cannot, except under rare circumstances, be allowed disbursements beyond the income of his ward.

Where a guardian had purchased a horse and buggy for his ward, and in so doing, had gone greatly beyond his income, but the ward used them for some time after he became of age, and then sold them, and received the money for them,—he must be taken as having ratified the transaction.

(*Long* v. *Norcom,* 2 Ire. Eq., 354, approved.)

BILL in Equity, filed in 1860, in ALAMANCE, and removed to this Court, at June Term 1869.

The suit was by a former ward against his guardian, for an account; under an order of the Court, the account had been taken; and the plaintiff filed two exceptions thereto, viz:

1. That there was a mistake to a small extent, in crediting the guardian at February Term 1869;

2. That the guardian was allowed for year 1859, disburse-

ments to the amount of $625.86, whereas the ward's income for that time was only $42.84.

*Graham* and *Hill,* for the exceptions.
*Scott & Scott, contra.*

SETTLE, J.  The plaintiff's first exception is sustained. The guardian's return to February Term 1869, shows that he was indebted to his ward in a small amount, and we see nothing to justify the report, that the ward was indebted at that time, to the guardian.

As to the second exception:  The power of a Court of Equity to apply the capital of a ward's estate for maintenance, either future or past, is conceded ; but as a general rule, the Court will not order the capital to be expended for maintenance or education.   In *Long* v. *Norcom,* 2 Ire. Eq., 354, it was held that the guardian was entitled to be reimbursed out of the capital of the estate, for his expenditures in behalf of his ward, who was of a very feeble constitution, and whose health, and indeed life required that he should leave the locality in which he resided.

The guardian has shown no circumstance in this case to take it out of the general rule.   But he has expended almost the entire capital, without ever asking the permission of the Court of Equity to do so.   It is no answer to say that it was done with the best of motives, and that the ward received the full benefit of these expenditures.   The reply to that suggestion, is, that it is against the policy of the law to allow a guardian, of his own accord, and without the consent of the Court, to make such expenditures ; and experience has shown, in a large majority of cases, that such indulgences to a minor prove far more injurious than beneficial.   It is in truth, breaking down the very security which the law has

.attempted to throw around him before he arrives at years of discretion.

These principles lead to the conclusion, that the guardian was not justifiable in expending more than the profits of his ward's estate.

But as the ward retained a horse, buggy and harness, which he had purchased of his guardian, and used them for some time after he became of age, and finally sold and received the money for them, he must be held to have ratified this transaction; and the guardian is entitled to be credited by the amount which the plaintiff agreed to pay for this property. If a ward receives property during infancy, and either spends, consumes, wastes or destroys it, he can elect, upon arriving at full age to avoid the contract by which he came into possession of the property, but a purchase of a chattel by an infant is confirmed by any unequivocal act of ownership exercised by him over the chattel after he is of age, as by selling or otherwise converting it to his use ; so that he will be liable on a note given during infancy for the chattel: 1 Hare & Wal. Amer. L. C., 113; 2 Greenl. Ev., s. 367.

There was error in confirming the report.

This being a case under the old system, and all the papers having been transferred to this Court, it will be referred to the Clerk here to reform the report in the particulars indicated by this opinion.

PER CURIAM.                    Ordered accordingly.