## GASKINS v. ALLEN.

(Filed February 28, 1905).

*Alteration in Deed—Degree of Proof—Powers of Justices of the Peace—Ratification—Deed of Married Woman, of Infant—Disaffirmance—Acts 1899, chap. 78.*

1. To establish an alteration in the date of the probate of a deed it is only necessary to satisfy the jury by the preponderance of the evidence.

2. Justices of the peace in 1871-'72 had no original jurisdiction to take acknowledgments of deeds or privy examinations of married women, and under a commission issued by the probate judge to a justice of the peace to take a privy examination, the justice had no authority to take the probate and privy examination to any other deed except the one described in the commission.

3. The mere signing of a deed, without probate or privy examination, by a married woman and her husband, after she became of age, is not a ratification of a deed executed by her and her husband when she was a minor.

4. The presumption of ratification of a voidable deed by long acquiescence will not arise against a woman under disability of coverture, and three years after removal of disability is a reasonable time within which she must disaffirm.

5. A deed by an infant is avoided by his executing, upon his arrival at full age, another deed of the same kind and for the same land to a different person.

6. In an action of ejectment commenced in 1902 the plaintiff, who was an infant at the time the deed was executed to her and was married and an infant, both, until 1898, is not barred of a recovery by chapter 78, Acts of 1899, which eliminates married women from those saved from the operation of the statutes of limitation.

ACTION by Zenia A. Gaskins and others against Victoria Allen, heard by *Judge W. B. Council* and a jury, at the Fall Term, 1904, of the Superior Court of PAMLICO County.

This action was brought to recover a tract of land. The

following issue was submitted to the jury: "Is the plaintiff Zenia Gaskins the owner in fee and entitled to the immediate possession of the land described in the complaint? Ans. 'Yes.'" From the judgment rendered, the defendant appealed.

*Simmons & Ward,* for the plaintiff.
*D. L. Ward,* for the defendant.

BROWN, J. Mary F. Swindell was seized in fee of the land in controversy. She and her husband, David, executed a deed to W. H. Rawls in 1871, at which time she was married and a minor. On June 22, 1872, the day after she became of age, Mary F. Swindell and her husband signed another deed for the same land to W. H. Rawls. This deed was pinned to the first and both recorded under one probate taken by J. S. Fowler, justice of the peace. The defendant claims by mesne conveyances under Rawls. On October 10, 1894, Mary F. Swindell and her husband executed a deed to the plaintiff Zenia, their daughter, for the land. She was then seventeen years of age. This action was commenced on April 3, 1902.

"Hard cases are the quicksands of the law." We remembered this adage in considering this appeal and gave it a minute and careful investigation. It is' with natural reluctance we feel impelled to affirm a judgment which deprives the defendant of land in the possession of which she and those under whom she claims have been so long. But "such is the law."

1. As to the probate of the deed of June 22, 1872: We can find no evidence that it was ever probated or any privy examination taken. The commission issued by West, Probate Judge, is dated August 19, 1871. It refers in specific terms to the deed of 1871, when Mary F. Swindell was under age.

The probate of the justice of the peace Fowler is at the bottom of this commission and admitted to be a blank form, all on one paper, and filled out by the Probate Judge and the justice of the peace. This probate is dated June 22, 1872, in the record sent here, and if actually taken then, would have been a confirmation of the act of the infant grantor after arriving at full age. His Honor charged the jury that "the plaintiffs claim that the date of this probate has been altered, that one date has been erased and another substituted. If the plaintiffs have satisfied you by the preponderance of the evidence that this is so, and further that she neither executed nor acknowledged the deed after she was twenty-one years of age, you should answer the first issue 'Yes.'" The jury answered the issue "Yes."

We approve this instruction in general, and more particularly as to the degree of proof required to establish the alteration in the date of the probate. *Harding v. Long,* 103 N. C., 1, and cases cited; *Perry v. Insurance Co.,* at this term. The finding of the jury under such instruction destroys the value of that probate as a confirmation by Mrs. Swindell of her deed made when a minor. The probate could not possibly refer to the deed of June 22, 1872. In 1871-'72 justices of the peace had no original jurisdiction to take acknowledgment of deeds or to take the privy examinations of married women. The Probate Judge, who was also Clerk of the Superior Court, took the acknowledgment of the husband, and when the wife was not present to take her privy examination himself, he issued a commission to some convenient justice of the peace to take it. The blank forms of the justice to fill up were printed on the same paper with the commission, as was admitted in this case. The commission described the deed and named the grantor and grantee, as this commission does, and empowered the justice to take the privy examination of the wife. This commission is dated

August 19, 1871. Under it, the justice had no authority to take the probate and privy examination to the deed of June 22, 1872, or to any other deed except the one named in the commission. The two deeds were pinned together with this one commission and certificate of probate. The commission issued by West and the certificate of probate signed by Fowler evidently belonged to the deed of 1871. The certificate of the justice is on the same paper as the commission, and refers to the "foregoing deed of conveyance," viz., the deed described in the commission. There is no other reference to any deed in it. The deed of June 22, 1872, was not probated and its registration was void.

2. Did Mary F. Swindell ratify and confirm her deed of 1871 after she became of full age? We see no evidence of ratification or confirmation. She was married when the deed was made and her husband was living at the time of the trial. The deed of June 22, 1872, is no ratification because, as we have shown, it was never properly executed and no probate or privy examination taken. Lapse of time is not a confirmation in this case. "The presumption of ratification of a voidable deed by long acquiescence will not arise against a woman under disability of coverture." *Epps v. Flowers,* 101 N. C., 158.

So far as Mrs. Swindell is concerned, this matter seems to have been "quiescent" and "in *statu quo*" from the attempt to make a deed on June 22, 1872, until October 10, 1894, when she made the deed to her daughter Zenia, her co-plaintiff, and who is the real plaintiff in this action. The deed of October, 1894, was an absolute disaffirmance, and the only disaffirmance, so far as this record discloses, by Mrs. Swindell of her act and deed of 1871 made when a minor. "A deed of bargain and sale made by an infant is avoided by his executing upon his arrival at full age another deed of the same kind and for the same land to a different person."

*Ruffin, C. J.,* in *Hoyle v. Stowe,* 19 N. C., 320. There is no conflict with *Weeks v. Wilkins,* 134 N. C., 516. Three years after majority is a reasonable time within which an infant must disaffirm a deed. Where the infant is under the disability of coverture, the three years begin to run when the disability is removed. Mrs. Swindell was under disability of coverture in 1871, when a minor, and it continued up to the time of the trial in the Court below.

3. Does the Act of February 13, 1899 (Acts 1899, chap. 78), bar a recovery in this action by plaintiff Zenia Gaskins? We think not. As we have shown, Mrs. Swindell disaffirmed in 1894, before the Act of 1899. Zenia Gaskins was seventeen years of age when the deed to her was executed, and was married and an infant, both, until October, 1898. The first section of the act eliminates married women from those saved from the operation of the statutes of limitation mentioned in the act. But for the second section, a married woman might under proper facts be barred at the end of three years from the ratification of the act. This section enacts "that in all actions commenced after the ratification of this act by married women heretofore protected by subsection four of sections one hundred and forty-eight and one hundred and sixty-three of The Code, in which the defense of adverse possession shall be relied upon, the time computed as constituting such adverse possession shall not include any possession had against such married woman prior to the passage of this act." It is clear to us that there is nothing in the Act of 1899, or any statute of limitation, which bars a recovery in this action by the plaintiff Zenia Gaskins.

The three questions we have briefly discussed are the only ones presented in the record of much importance. The other exceptions are without merit. The judgment is

Affirmed.