W. L. BAGGETT ET AL. v. D. D. JACKSON ET AL.

(Filed 30 October, 1912.)

**1. Partition—Dower—Procedure—Interpretation of Statutes.**

Partition of lands and the allotment of dower therein may be had in the same proceedings. Revisal, sec. 2517.

**2. Partition — Petition — Necessary Parties—Deemed Immaterial—Procedure—Costs.**

The presence of an unnecessary party, in proceedings for partition of lands, will be regarded as immaterial, except as affecting costs.

**3. Partition—Clerk—Superior Court—Transfer in Term—Jurisdiction.**

The Superior Court acquires jurisdiction over proceedings to partition lands upon their being transferred by the clerk thereto, in term, and may proceed therewith and fully determine all matters in controversy.

**4. Partition—Life Estate—Remaindermen—Actual Division—Interpretation of Statutes.**

Revisal, sec. 2508, provides, among other things, that "The existence of a life estate in any land shall not be a bar to a sale for partition of the remainder or reversion thereof, and for the purposes of partition the tenants in common shall be deemed seized and possessed as if no life estate existed. But this shall not interfere with the possession of the estate": *Held*, that by the change in the terms from "a sale for partition" to the "purposes of partition," with the cautionary provision that it shall not interfere with the possession of the life tenant, it is construed to include actual partition by the remaindermen, as well as sale for division by them.

**5. Deeds and Conveyances—Interpretation—Intent.**

In construing a deed to lands, form must yield to substance, and the intent of the parties should be ascertained as embodied in the deed, giving effect to each and every part thereof if it can be done by any fair and reasonable construction.

**6. Deeds and Conveyances—Interpretation—Life Estates—Reservation in Deed.**

In a deed to lands only a remainder passes to the grantee, by the grantor and his wife therein using the expression, "We do except our lifetime on said lands."

7. **Deeds and Conveyances—Infants—Voidable Deeds—Reasonable Time—Affirmance.**

A deed to lands made by an infant is voidable only and not void, and he is held to his election to affirm or disaffirm the conveyance within a reasonable time after becoming of age; and it is held in this case that three years is a reasonable time within which he must act. *Weeks v. Wilkins*, 134 N. C., 521, cited and applied.

APPEAL by defendant from *Carter, J.*, at August Term, 1912, of SAMPSON.

This proceeding was commenced before the clerk, and on issue joined was transferred to the Superior Court at term to be tried.

The petitioners are seven children of Charles Baggett, including Anson Baggett, who allege that as heirs of Charles Baggett they are tenants in common of two tracts of land, one containing 42 acres and the other 11¾ acres, subject to the dower right of the widow of Charles Baggett, the defendant M. A. Baggett.

They further allege that Anson Baggett is not entitled to any part of said land, because he had been fully advanced by the conveyance to him by Charles Baggett and wife of 42 acres of land, not described in the petition; that the other defendant, D. D. Jackson, who is the son of M. A. Baggett by a former marriage, has no interest in said land; that he and his mother are in possession of all of said land, and that this possession is wrongful as to all except so much thereof as may be set apart for dower; and they ask that the dower be allotted and the land divided, subject to the dower, into six shares, one share to be assigned to each of the petitioners except Anson Baggett, who joins in the petition.

The defendants deny the material parts of the petition, and allege that the defendant M. A. Baggett is the owner of a life estate in said land, and that the defendant D. D. Jackson is the owner in fee of the remainder.

When the proceeding was called for trial, and before any evidence was introduced, the defendants moved to dismiss, "for that this court has no jurisdiction to hear this proceeding, as it was started before the clerk for partition, and plaintiffs allege that they are not in possession of said land." His Honor overruled the motion, and defendants excepted.

It was admitted that prior to 24 August, 1897, Charles Baggett was the owner in fee of the land described in the petition, and that the petitioners are his heirs, and the defendant M. A. Baggett his widow.

On 24 August, 1897, the said Charles Baggett and wife, M. A. Baggett, conveyed said land in fee to the defendant D. D. Jackson, by deed, in which appears the following clause, immediately after the description of said land: "We do except our lifetime on said land."

On 13 July, 1906, the said D. D. Jackson and wife executed a deed to the said Charles Baggett, by which they purported to reconvey said land to him in fee, which deed was duly registered on 15 August, 1906.

It was also admitted that D. D. Jackson became twenty-one years of age on 19 September, 1908; that Charles Baggett died on 10 June, 1910, and that this proceeding was commenced on 27 September, 1911.

The defendant Jackson testified as follows: "I was living with Charles Baggett when he died; made a crop there that year. Frank Williams stayed there 1909. I helped him once in a while when wanted. I lived on Mr. Martin Tew's land. I helped wait on Charles Baggett until his death. I left once for nine months; first at Robert Jackson's place, and then in Johnston County. In that time I did not work on the land; but I went with Charles Baggett to see a doctor and paid the doctor's bill. While I was off, my brother stayed there, and I went back. Charles Baggett knew I was going, and did not object. When I went off this time, two of the girls were married and moved off. Only one single, and she married during that nine months. A few years later I moved off on Mr. Tew's place, and tended one crop and moved back. I gave in the land for taxes after Charles Baggett died, and paid the taxes since."

Cross-examination: "I used what was made in 1910, supporting the family. I shot Mr. Aulsey Tew's hog and paid him $5 for it, and left and went to Johnston County. I came back a great many times."

Redirect examination: "I administered on Charles Baggett's estate. Mr. Cooper was my lawyer. I paid all the heirs their part of the personal property."

There was no evidence of a disaffirmance of the deed of D. D. Jackson other than that set out.

His Honor being of opinion that the defendant M. A. Baggett was not the owner of a life estate under the exception in the deed from Charles Baggett and wife, but was entitled to dower, and that the defendant Jackson having failed to disaffirm his deed for three years after he became twenty-one years of age, before the commencement of this proceeding, directed the jury to so find, and the defendants excepted.

Judgment was rendered declaring the interests of the parties and appointing commissioners to allot dower and to divide the lands.

The defendant again excepted, upon the ground that if the plaintiffs had any interest in the land, it was a remainder interest after a life estate, and that such interest was not the subject of an actual partition.

*George E. Butler for plaintiffs.*
*Faison & Wright for defendants.*

ALLEN, J. The motion to dismiss was made before the introduction of evidence, and was necessarily based on the allegations of the petition, which is fully authorized by the provisions of section 2517 of the Revisal, allowing dower to be allotted and a partition among tenants in common in the same proceeding. The presence of the other defendant, Jackson, if not shown to be a necessary party by the petition, was immaterial except as affecting costs. *Ormond v. Insurance Co.,* 145 N. C., 142.

If, however, the proceeding was improperly instituted before the clerk, to which we do not give our assent, when it was transferred to the Superior Court in term, that court had jurisdiction to fully determine all matters in controversy. *Faison v. Williams,* 121 N. C., 153; *Roseman v. Roseman,* 127 N. C., 496; *Luther v. Luther,* 157 N. C., 502; *Williams v. Dunn,* 158 N. C., 402.

We are also of opinion that his Honor held correctly that, although the defendant M. A. Baggett might be the owner of a life estate in the lands described in the petition, the petitioners could have actual partition of the remainder. The law was

otherwise prior to chapter 214 of Laws 1887, section 2 of which is copied in section 2508 of the Revisal, which reads as follows: "The existence of a life estate in any land shall not be a bar to a sale for partition of the remainder or reversion thereof, and for the purposes of partition the tenants in common shall be deemed seized and possessed as if no life estate existed. But this shall not interfere with the possession of the life tenant during the existence of his estate."

The first part of the section is susceptible of the construction contended for by the defendants, that it applies only to cases of sales for partition and not to actual partition, but the change in the use of terms in the statute from "a sale for partition" to "purposes of partition," and the cautionary provision, "But this shall not interfere with the possession of the life tenant during the existence of his estate," shows that it was intended to cover both sales for partition and actual partition, and it has been so held. *Gillespie v. Allison,* 115 N. C., 544.

In the *Gillespie case* there was a life estate in two tracts of land, and the judge of the Superior Court ordered a sale of one tract, because in his opinion this course would be beneficial to the parties, and an actual division of the other, and on appeal this Court said: "The second section provides for the actual partition of the other tract, not to interfere with the possession of the life tenant or her assignee during the existence of her estate."

This brings us to the consideration of the effect of the clause in the deed of Charles Baggett and wife, M. A. Baggett, to D. D. Jackson, "We do except our lifetime on said land," and of the subsequent deed of Jackson to Charles Baggett.

We have recently held in a number of cases that in the construction of deeds form must yield to substance; that the end to be attained is to find the intent of the parties as embodied in the deed, and that effect must be given to each and every part of the deed, if this can be done by any fair and reasonable construction (*Davis v. Frazier,* 150 N. C., 451; *Triplett v. Williams,* 149 N. C., 394; *Acker v. Pridgen,* 158 N. C., 337; *Midgett v. Meekins, post,* 42), and we have applied the rule to

clauses in deeds very much like the one before us. *In re Dixon,* 156 N. C., 26; *Thomas v. Bunch,* 158 N. C., 179.

In the last case, the clauses in the deed in the *Dixon* case and in the *Thomas* case are set out, and the conclusion reached by the Court stated as follows: "Language of similar import and almost identical with that in the deed before us was considered in the case of *In re Dixon,* 156 N. C., 26, and it was there held that the grantee took an estate in remainder after the death of the husband and the wife. In this deed the language is, 'and a life estate is hereby reserved by said Asa Cooper and S. A. Cooper, his wife,' and in the deed in the *Dixon case,* 'I, the said R. A. L. Carr, reserving a life interest for myself and wife, Sarah A. L. Carr, in the above described land,' and it was said in the latter case: 'The reservation in the deed is valid, and said deed did not become effective till after the death of the grantor and his wife'; and again: 'Construing the whole deed as written, there is here a reservation of the whole for the life of the grantor and his wife, with remainder in fee to their daughter.' If there is any difference in the meaning of the clauses in the two deeds, there is stronger reason for saying that the deed in this case conveys an estate in remainder to the grantee, because in the deed in the *Dixon* case the husband alone was the grantor, and a life *interest* was reserved, while in this the husband and wife are the grantors, with the reservation of a life *estate.* . . . We conclude that a life estate was reserved to Asa Cooper and S. A. Cooper, and that Charles B. Bunch was, at the time of his death, the owner of an estate in remainder, the said S. A. Cooper being then alive, and that the widow of said Bunch is not entitled to dower or a homestead therein."

In the case before us, the use of the words "we" and "our" clearly indicate an intent to reserve a life estate for the husband and wife, which should not be defeated by construction, but sustained.

The deed of Jackson to Charles Baggett, Jackson being under twenty-one years of age at the time of its execution, was not void, but voidable, and the law required of him that he should disaffirm it within three years after he became of age; otherwise he was bound by it as an executed conveyance. *Weeks v. Wilkins,* 134 N. C., 521.

The rule is not unjust to the infant, because he is given ample opportunity after he attains his majority to let it be known that he repudiates his deed, and it is necessary for the protection of purchasers, as the infancy of a grantor in a deed is not disclosed by the record.

In *Weeks v. Wilkins, supra,* the question is fully considered and *Justice Connor* quotes with approval section 91, vol. 1, Devlin on Deeds, that, "The most reasonable rule seems to be that the right of disaffirmance should be exercised within a reasonable time after the infant attains his majority, or else his neglect to avail himself of this privilege should be deemed an acquiescence and affirmation on his part of his conveyance. The law considers his contract a voidable one, on account of its tender solicitude for his rights and the fear that he may be imposed upon in his bargain. But he is certainly afforded ample protection by allowing him a reasonable time after he reaches his majority to determine whether he will abide by his conveyance, executed while he was a minor, or will disaffirm it. And it is no more than just and reasonable that if he silently acquiesces in his deed and makes no effort to express his dissatisfaction with his act, he should, after the lapse of a reasonable time, dependent upon circumstances, be considered as fully ratifying it."

Again, on page 524, he considers the effect of the pendency of a life estate, and says: "But it is said that Mrs. Hester Weeks owned the life estate, and that, pending such estate, he had no right of action to sue for the possession of the land. We do not think this material. His right to disaffirm his deed was entirely independent of his right to the possession of the land. He could easily have disaffirmed by returning the purchase money or by some other unequivocal act which would have put innocent purchasers on notice. He could have brought his action to remove a cloud from his title, under Laws 1893, ch. 6."

Upon an examination of the record we find no disaffirmance of his deed by Jackson, and hold that he is bound by it.

There are several exceptions in the record, which we have examined, but it is not necessary to discuss them, as the facts set out are determinative of the rights of the parties.

The decree entered in the Superior Court will be modified in · accordance with this opinion, by adjudging that M. A. Baggett is the owner of a life estate in the lands described in the petition, and, as thus modified, it is affirmed.

Modified and affirmed.