R. FRANK HOGAN v. NORMA McGEE UTTER.

(Filed 10 April, 1918.)

1. Infants—Contracts—Deeds and Conveyances.

The deed of an infant is only voidable, and a mortgage on his lands must be repudiated by him within a reasonable time after he reaches his majority or he will be deemed to have ratified it, and after three years it will become valid and binding.

**2. Mortgages—Powers—Sales—Notice—Statutes.**

Revisal, sec. 641, as to notices of sales of land, is construed to apply to sales under foreclosure of a mortgage by order of court and other judicial sales, and not to such notice when sale is made under the power contained in the mortgage itself, leaving the parties free to contract with reference to the notice thereof. The dictum in *Palmer v. Latham*, 173 N. C., 61, that requirements as to advertising are directory only, is overruled except in its application to execution sales.

**3. Tenants in Common—Outstanding Title—Deeds and Conveyances—Mortgages.**

A tenant in common who buys the interest of another tenant in common sold under mortgage does not thus acquire an outstanding title, and the principle which prevents him from doing so has no application.

APPEAL by defendant from *Devin, J.,* at the February Term, 1918, of DURHAM.

This is a petition, filed in a proceeding to sell land for partition, to determine the rights of the parties to a part of the fund derived from the sale.

J. C. Hogan was formerly the owner of the land, and he died in September, 1895, leaving a will by which he devised the land to his wife, Francis J. Hogan, for life, and then to his children.

Francis J. Hogan died on 12 November, 1916. R. Frank Hogan was entitled to one-third of the land under the will of J. C. Hogan, and on 11 February, 1907, when he was 20 years and 3 months old, he conveyed his interest in said land by mortgage deed to C. L. Lindsey to secure a loan of $87.50. Said mortgage contained the following power of sale: "But if default shall be made in the payment of said bond or the interest on the same or any part of either at maturity, then and in that event it shall be lawful for and the duty of the said party of the second part to sell said land and personal property hereinbefore described to the highest bidder for cash at the courthouse door in Orange County, first advertising the same for thirty days in some newspaper published in Orange County, and convey the same to the purchaser in fee simple, and out of the money arising from the said sale to pay said bond and interest on the same, together with the costs of the sale, and pay any surplus, if any, to said party of the first part or his legal representative."

Default being made in the payment of the debt secured in said mortgage, the land was sold under said power on 18 June, 1908, and J. B. Hogan, another of the devisees in the will of said J. C. Hogan, became the purchaser and a deed was executed to him purporting to convey the interest of the said R. Frank Hogan in said land.

Notice of the sale was published in a weekly newspaper, the first notice appearing in the issue of 18 June, 1908, and also notice was posted at the courthouse door at Hillsboro, and not elsewhere.

R. Frank Hogan was 21 years and 8 months of age at the time of the sale. He did not know of the advertisement of said property for sale, but there is nothing to show that he did not know of the sale.

The proceeds of the sale have been distributed among the several parties, except that part claimed by the said R. Frank Hogan, upon the ground that the mortgage was executed when he was under 21 years of age, and that he is not bound thereby.

J. B. Hogan claims this part of the fund as purchaser at the mortgage sale.

His Honor rendered judgment in favor of the said R. Frank Hogan, subject to the payment of the amount bid by J. B. Hogan at the sale, with interest thereon, and J. B. Hogan excepted and appealed.

*A. S. Hobgood for plaintiff.*
*E. A. Harrill for defendants.*

ALLEN, J. R. Frank Hogan was 20 years and 2 months old at the time of the execution of his mortgage and 21 years and 8 months old when the land was sold under the power in the mortgage on 18 July, 1908, and he did no act to disaffirm the mortgage or the sale until 1917, eleven years after the sale.

The deed of an infant is voidable, not void, and if he does not wish to be bound he must repudiate it within a reasonable time after becoming of age, and, under our decisions, this period is fixed at three years, and upon the facts admitted, the claimant, R. Frank Hogan, has waited too long and will not be heard now to disaffirm his act.

In *Weeks v. Wilkins,* 134 N. C., 522, the Court deals with the question as to the time within which a deed executed during infancy must be disaffirmed, and says: "The author of Devlin on Deeds, Vol. I, sec. 91, after discussing the authorities, says: 'The most reasonable rule seems to be that the right of disaffirmance should be exercised within a reasonable time after the infant attains his majority, or else his neglect to avail himself of the privilege should be deemed an acquiescence and affirmation on his part of his conveyance. The law considers his contract a voidable one on account of its tender solicitude for his rights and the fear that he may be imposed upon in his bargain. But he is certainly afforded ample protection by allowing him a reasonable time after he reaches his majority to determine whether he will abide by his conveyance executed while he was a minor, or will disaffirm it. And it is no more than just and reasonable that if he silently acquiesces in his deed and makes no effort to express his dissatisfaction with his act, he should, after the lapse of a reasonable time, dependent upon circumstances, be considered as fully ratifying it.' We think this is a just and

reasonable rule. . . . While we have no statute fixing the time within which an infant is required to disaffirm his conveyance, we think that, upon the reason of the thing and in consonance with the policy of the law which seeks to quiet titles and encourage improvement of real estate, the infant should exercise his election within a reasonable time. The statute gives him three years after arrival at majority within which to bring his action against a disseisor. It seems to us that the same time, by analogy, should be fixed as the period within which he should determine whether he will disaffirm his deed." This case was affirmed on this point in *Gaskins v. Allen,* 137 N. C., 430; *Baggett v. Jackson,* 160 N. C., 31; *Chandler v. Jones,* 172 N. C., 574.

In the last case, involving the repudiation of a contract made by an infant, the above excerpt from *Weeks v. Wilkins* was quoted, and the Court adds: "This case was affirmed on both points in *Baggett v. Jackson,* 160 N. C., 32, and if applicable to deeds why should not the same rule prevail as to other contracts?"

Certainly a mortgage which, under our decisions, passes the legal title and is no more than an ordinary deed with a defeasance clause, should not be excluded from the application of the principle, and, if so, the mortgage of the claimant cannot now be avoided by reason of the lapse of time, and the question remaining is as to the regularity of the sale, and this depends on whether it was properly advertised, as the failure to advertise according to law is the only attack made on the sale.

The mortgagee did more than was required of him by the mortgage in his effort to give notice of the sale, as the mortgage only requires an advertisement in the newspaper, and it appears that in addition to publishing the notice in the newspaper beginning 1 June, 1917, he also posted a notice at the courthouse door; but the claimant, R. Frank Hogan, insists that at the time of the execution of the mortgage, section 641 of the Revisal, was in force and that this statute also requires a notice to be posted at three other public places, and he contends that this is fatal to the sale.

It is true that the laws in force at the time of the making of a contract enter into and become a part of the contract (*Kelly v. Williams,* 84 N. C., 285; *Wooten v. Hill,* 98 N. C., 53), but it has been held in *Palmer v. Latham,* 173 N. C., 61, that the statute relied on does apply to sales made under the power and that it "refers to sales under the foreclosure of a mortgage by order of court and other judicial sales."

The first part of the statute, where it says "deed in trust, mortgage, or other contract hereafter executed," would render this construction doubtful, but it concludes after requiring an advertisement in a newspaper by providing that the cost of the advertisement is "to be taxed as

cost in the action, special proceeding or proceeding to sell," thereby indicating a purpose to deal only with proceedings in court, and to leave the parties free to contract as to the terms of the mortgage, which was declared to be the rights of the parties in *McIver v. Smith,* 118 N. C., 73.

The statement in *Palmer v. Latham, supra,* that requirements as to advertising are directory only, was not necessary to the decision of the case as the question involved was as to the place of sale, and the advertisement must be in the county where the land is sold, and is in conflict with the decision in *Eubanks v. Becton,* 158 N. C., 230.

The principle is applicable to execution sales (*Shaffer v. Bledsoe,* 118 N. C., 279), as a stranger who buys at an execution sale is only required to see that an officer sells and that he has in hand an execution authorizing the sale.

We are therefore of opinion that as the claimant, R. Frank Hogan, cannot disaffirm his mortgage and as the sale was advertised according to the terms of the mortgage, that J. B. Hogan became the owner of the interest of the claimant by reason of his purchase, and that he is now entitled to the fund.

The principle which prevents one tenant in common from buying in an outstanding title does not apply to the facts in this record as J. B. Hogan was buying the interest and title of his cotenants. *Baird v. Baird,* 21 N. C., 524; 38 Cyc., 53.

Judgement will be entered in the Superior Court on the facts agreed in favor of J. B. Hogan.

Reversed.