W. C. HIGHT v. DAVID HARRIS.

(Filed 8 October, 1924.)

**1. Infants—Contracts—Void Contracts.**

Excepting necessaries or contracts authorized by statute, an infant may avoid his contracts concerning personalty on account of his infancy, either during his minority or promptly upon coming of age, and recover the consideration he has paid thereon either in money or property, upon his

restoring the consideration he has received, if he then has it, or the value thereof in property in which he has invested it, which is still under his control and ownership.

**2. Actions—Inconsistent Defenses.**

Inconsistent defenses may be set up in the same action, and a plea of infancy may be interposed to avoid a contract together with a counterclaim for breach of warranty therein.

**3. Justice's Courts—Appeal—Trial De Novo—Superior Courts—Pendency of Action.**

Appeals from a justice's court are tried *de novo* in the Superior Court; and where an appeal has thus been taken and consolidated with another action brought originally in the Superior Court, in both of which infancy is pleaded to avoid a contract for goods sold and delivered, and damages as a counterclaim for the breach of warranty in the sale of a mule, by not submitting an issue as to the damages for the breach of warranty set up before the justice of the peace, the counterclaim in that action is deemed to have been abandoned, and the right of the party plaintiff in the former action and the defendant in the latter is taken as waived when objection has not been aptly taken in time.

**4. Actions—Pendency of Actions—Waiver.**

*Held,* upon the facts of this case, the place of the pendency of another action was waived by the party.

CIVIL ACTION, tried before *Lyon, J.,* at May Special Term, 1924, of VANCE.

From a perusal of the record and case on appeal, it appeared that in February, 1923, plaintiff, a merchant, sued the defendant, a minor, in a justice's court, on account for goods sold, amounting to $83.68 and interest. Defendant did not deny the account, but set up a counterclaim for $175.00 damages for breach of contract of warranty on sale of a mule by plaintiff to defendant in 1920. On the trial the justice entered judgment for the account, as claimed, and against defendant on the counterclaim, and defendant appealed to the Superior Court, where the cause was duly docketed.

Defendant, having become twenty-one, instituted against plaintiff an action in Superior Court to set aside sale of mule on account of infancy and on allegations of fraud and deceit, and to recover of plaintiff the purchase price of mule, $375.00, tendering the mule to plaintiff. This cause being also for trial on the docket of the Superior Court, on motion it was consolidated with the cause appealed from the justice's court, and defendant, appellant from the justice's court judgment, not denying the account, and renewing and maintaining his tender of the mule, the cause as consolidated was submitted and verdict rendered on the following issues:

Was the plaintiff, David Harris, a minor, under the age of twenty-one, at the time of the purchase of the mule for $375 from the defendant, W. C. Hight? Answer: Yes.

Is the defendant, David Harris, indebted to the plaintiff, W. C. Hight, in the sum of $83.68, with interest from .1 September, 1920? Answer: Yes.

When did the plaintiff, David Harris, arrive at the age of twenty-one years? Answer: 22 August, 1923.

On the verdict, judgment was rendered as follows:

This cause coming on to be heard at this special term of the Superior Court, held, beginning 5 May, 1924, and being heard before his Honor, C. C. Lyon, judge presiding, and a jury, and the jury having answered the issues as appears of record:

Now, therefore, on motion of Kittrell & Kittrell and Jasper B. Hicks, attorneys for plaintiff, David Harris, it is ordered, adjudged and decreed that the contract of purchase and sale of a mule between W. C. Hight and David Harris is declared and adjudged to be null and void, and the plaintiff, David Harris, is ordered to return the mule to W. C. Hight when this judgment has been paid him; and the defendant, W. C. Hight, is liable to David Harris for the $375, being the price paid for said mule, less the sum of $83.68, with interest from 1 September, 1920, amounting to $18.40, which leaves the amount due by W. C. Hight to David Harris $272.92; and it is ordered that the plaintiff, David Harris, therefore recover of the defendant, W. C. Hight, the sum of $272.92, with interest from this date, and the costs of this action.

This 13 May, 1924.                    C. C. LYON, *Judge Presiding.*

From which judgment plaintiff, W. C. Hight, appealed.

*T. T. Hicks & Son for plaintiff, appellant.*
*Kittrell & Kittrell for defendant; appellee.*

HOKE, C. J. It is recognized in this jurisdiction that, except in case of necessaries or contracts authorized by statute, an infant may avoid his contracts concerning personalty on account of his infancy; and, either during his minority or on coming of age, if he acts promptly in the matter and on such avoidance, he may recover the consideration paid by him, either in money or property, with the limitation that he must restore the consideration received if he still has the same in hand, or return or account for the value of property in which it has been invested and which is still under his control and ownership. *Morris Plan Co. v. Palmer,* 185 N. C., p. 108; *Chandler v. Jones,* 172 N. C., p. 569; *Skinner v. Maxwell,* 66 N. C., p. 45; *Ex parte McFerrin,* 184 Ala., p. 223; *Gullis v. Goodwin,* 180 Mass., p. 140; 14 R. C. L., title Infancy, secs. 20, 21, 22, 23.

In the well-considered case of *Bank v. Palmer, supra, Associate Justice Adams* states the principle as it prevails with us, as follows: "Omitting reference to contracts for necessaries, and to such contracts as a minor is authorized by statute to make, the Court has held that an infant may, during his minority, avoid his contract relating to personal property, and that such avoidance, when effected, is irrevocable and renders the contract null and void *ab initio.*" And again: "This doctrine is established. It is approved and maintained with practical unanimity; and while the infant's right to disaffirm his contract may sometimes be exercised to the injury of the other party, the right, nevertheless, exists for the protection of the infant against his own improvidence, and may be exercised entirely in his discretion. 1 Elliott on Contracts, sec. 302; 3 Page on Contracts, sec. 1593; *Dibble v. Jones,* 58 N. C., p. 389."

The cause below seems to have been tried and determined in accord with these positions, and we find no valid reason for disturbing the result.

It is chiefly urged for the appellant that the appellee should not have been allowed to insist on an avoidance of the contract for the purchase of the mule, as claimed in his action instituted in the Superior Court while there was a counterclaim presented by him on his appeal from the justice's court for a breach of warranty in the sale. To this objection it might well be answered that, under our system of procedure, a party is allowed to submit inconsistent pleas, and that in these actions, consolidated by order of court, the defendant Harris might well be allowed to plead that he was an infant at the time of sale, and, failing in that, that there was a breach of warranty in the sale. C. S., 522, citing *Upton v. R. R.,* 128 N. C., p. 173; *McLamb v. McPhail,* 126 N. C., p. 218; *Higson v. Ins. Co.,* 152 N. C., p. 206; *Ten Broeck v. Orchard,* 79 N. C., p. 518. See, also, *Johnson v. Lumber Co.,* 147 N. C., pp. 249-252. On the facts of this record, however, the complete answer to this objection is that, on appeal from the justice's court, the matters there determined were, under our procedure, to be tried *de novo;* and in tendering and submitting only the issues presented by defendant's action to set aside the contract by reason of infancy, the counterclaim for breach of warranty set up in the justice's court should be treated as abandoned or withdrawn by appellee. Under our decisions, it was open to appellee to do this at any time before the final hearing. *Barnett v. Mills,* 167 N. C., pp. 576-584; *Cook v. Cook,* 159 N. C., pp. 47-50.

Speaking to the question in *Cook's case, supra,* the Court said: "As a general rule, this right to plead the pendency of another action between the same parties before judgment had is regarded to a large

MOUNT OLIVE *v.* R. R.

extent as a rule of convenience, resting on the principle embodied in the maxim, *'Nemo debet bis vexari.'* The defect is one that can be waived, and it may also be cured by dismissing the prior action at any time before the hearing." Citing *Grubbs v. Ferguson,* 136 N. C., p. 60; 1st Cyc., p. 25.

We find no reversible error in the record, and the judgment below is affirmed.

No error.