## FANNIE E. FAIRCLOTH v. L. O. JOHNSON.

### (Filed 8 April, 1925.)

**1. Instructions—Evidence—Appeal and Error.**

The charge of the trial court to the jury will be sustained on appeal when it is supported by any evidence upon the trial, taken in the most favorable light to the appellee, and the principles of law arising thereon are correctly applied.

**2. Deeds and Conveyances — Mortgages — Registration—Delivery—Presumption.**

The registration of a mortgage irrebuttably presumes its delivery to the mortgagee in favor of a bona fide purchaser.

**3. Deeds and Conveyances—Mortgages—Cancellation—Statutes.**

It is only those named in the statute, (not the mortgagor) who may require the register of deeds to cancel the instrument upon his record on endorsement of payment and satisfaction, to wit: the payee, mortgagee, trustee, or assignee of the same, etc., and where a subsequent purchaser has acquired the mortgaged lands relying upon a proper cancellation of this character, his title is not affected by any undisclosed agreement or understanding between the original parties.

**4. Same—Presumptions.**

Where an entry is made by the register of deeds upon the margin of a registered mortgage "the original being exhibited to me marked paid in full, I adjudge the same null and void, and it is hereby canceled of record," presumes, no evidence appearing to the contrary, that it was exhibited by the mortgagee or the proper person designated by the statute.

**5. Contracts—Infants—Disaffirmance of Contracts—Actions.**

An executory contract of an infant is voidable by him and not absolutely void, and he, after coming of age, may repudiate an executory contract he has theretofore made within a reasonable time, and recover such amounts of money as he may have paid thereunder, or restore such benefits as he may have received and still enjoys, and three years are regarded as a reasonable time, and an action to rescind the contract brought by the infant within a year after he has reached his majority is *held* to be a sufficient disaffirmance by the infant of his contract.

APPEAL by defendant from *Daniels, J.,* and a jury, at September Term, 1924, of SAMPSON.

The plaintiff, Fannie E. Faircloth, a daughter of T. Jarvis Smith, instituted this action against the defendant, L. O. Johnson, for the purpose of having the alleged unpaid balance of a note, to wit: $1,250, with interest thereon from 1 January, 1923, declared a lien upon the lands described in a mortgage deed appearing of record in Sampson County, in Book 236, page 319, excepting therefrom 14 acres sold by

order of court to J. D. Johnson, and for foreclosure. The defendant admitted that he purchased the lands described in this mortgage deed from T. Jarvis Smith, and alleged payment of value therefor, and that plaintiff's alleged mortgage, "was never in fact a mortgage as it was not executed for a valuable consideration or to cover any form of indebtedness, as there was nothing due by the said T. J. Smith to his daughter, Fannie E. Faircloth, and that if said instrument was ever executed by the said T. J. Smith, that it was never delivered to the plaintiff or to any person for her, but remained at all times in the possession of the said T. J. Smith and, therefore, he had the right and authority to cancel the same of record, which he did."

The verdict was as follows:

"1. Is the entry upon the margin of the record where the mortgage sued on is recorded a proper and legal cancellation thereof? Answer: 'No.'

"2. If not, how much, if anything, is still due and unpaid on said mortgage indebtedness? Answer: '$1,250 with interest from 1 January, 1923.'"

The court charged the jury that, if they found "the facts to be as testified to by the witnesses, to answer the first issue, 'No.' And the second issue, '$1,250 with interest from 1 January, 1923.'"

The chief controversy in this case was as to the legality of the marginal entry appearing on the record of the mortgage sued on in these words: "The original mortgage being exhibited to me marked paid in full, I adjudge same null and void and is hereby canceled of record. This 13 September, 1915. J. H. Packer, Register of Deeds."

The mortgage deed from T. Jarvis Smith, to plaintiff, was filed for registration 24 November, 1913, and registered 28 November, 1913, in Book 236, page 319, in the office of the register of deeds of Sampson County.

The deed from T. Jarvis Smith and Rossie Smith, his second wife, to the defendant, was probated 8 October, 1915, and filed for registration 12 October, 1915, and registered 22 October, 1915, in Book 270, page 1, in the office of register of deeds for Sampson County.

There was no evidence of any payment on the mortgage indebtedness except $250 arising from the sale of the 14 acres of the mortgaged land to J. D. Johnson, a release of the same pursuant to an order of court. The mortgage deed was in due form and registered one year, ten months and eighteen days before the defendant's deed was registered.

The defendant relied chiefly on the marginal entry, claiming this to be, as to him, a purchaser for value, a valid discharge and release of the land. The other evidence on behalf of the defendant tended to show

that it was improbable that the mortgage indebtedness was incurred for money, either loaned, or had and received.

The court was of opinion that the marginal entry did not constitute a valid release of the land from the mortgage.

From the judgment entered upon this verdict, the defendant appealed.

*Butler & Herring and Fowler & Crumpler for plaintiff.*
*Faircloth & Fisher for defendant.*

VARSER, J. The charge of the trial court is to be sustained if, upon any view of the evidence taken in its most favorable light for the defendant, but yet found to be true in its entirety, it supports the verdict.

In order to constitute a valid cancellation under subsection 2 of C. S., 2594, on 13 September, 1913, the "endorsement of payment and satisfaction appearing thereon (on the mortgage and note) by the payee, mortgagee, trustee, or assignee of the same, or by any chartered active banking institution in the State of North Carolina," contemplates clearly that such payee or mortgagee must be *sui juris.*

In the first paragraph of the complaint it is alleged, and not denied by defendant, that the plaintiff attained her majority 15 September, 1922. Hence, it necessarily follows that, on 13 September, 1915, the date of the marginal entry in question, she was only 14 years old, less 2 days.

The *mortgage indebtedness* became due 1 January, 1923, and this action was tried at the September Term, 1924, of Sampson Court.

The defendant testified: *"I have known the plaintiff all her life,"* and knew her financial circumstances up to the date of this mortgage." And on cross-examination, he further said: "At that time I knew neither the plaintiff nor her father had money enough to pay this mortgage that I knew of." Other witnesses offered by defendant testified as to the *non-age* of the plaintiff.

Therefore, it appears, not only from the admission in the pleadings, but from the testimony, which the jury has found to be true, that the defendant has, at all times, been fully cognizant of the plaintiff's non-age.

In *Chandler v. Jones,* 172 N. C., 569, *Allen, J.,* says: "The contract of an infant is voidable and not void, and it may be either ratified or disaffirmed upon attaining majority at the election of the infant. If money is paid to an infant upon a contract and it is consumed or wasted, the infant may recover the full amount due under the contract." *Rawls v. Mayo,* 163 N. C., 177; *Hogan v. Utter,* 175 N. C., 332; *Gaskins v. Allen,* 137 N. C., 430; *Baggett v. Jackson,* 160 N. C., 31.

In *Weeks v. Wilkins*, 134 N. C., 522, three years after arrival at majority, is held to be a reasonable time in which an infant is required to disaffirm, or he will be held to have affirmed his contract.

*Gaskins v. Allen*, 137 N. C., 426; *Chandler v. Jones, supra; Baggett v. Jackson*, 160 N. C., 26.

If the infant has received money under such contract during his minority, he must, if he has it, or any part thereof, return it upon his disaffirmance, but if he does not have it, or the benefits therefrom, he need not return it or offer to put the parties *in statu quo. Chandler v. Jones, supra; Baggett v. Jackson, supra.*

In *Jackson v. Beard*, 162 N. C., 105, an infant husband was allowed, upon attaining his majority, to disaffirm his consent to a sale of his wife's land which he had during his minority signified by joining in her deed, with the result that her deed became thereby void.

In the case of *Phillips v. Hoskins*, 128 Ky., 371, the same doctrine as held in *Jackson v. Beard, supra,* is held.

That an infant may disaffirm a contract fully executed by both parties is held in *Gannon v. Manning*, 42 App. D. C., 206.

In *MacGreal v. Taylor*, 167 U. S., 688, the Court held it not necessary, in order to give effect to the disaffirmance of the deed or contract of a minor, that the other party should be placed *in statu quo.*

A disaffirmance after full age, of a contract made in infancy, will discharge a trust lien given to secure payment of the consideration. *Hobbs v. Hinton Foundry and Machine Co.*, 74 W. Va., 443; 82 S. E., 267; Anno. Cas., 1917 D, 410.

The defendant contends upon this evidence there was no delivery of the mortgage so as to make it effective. There was a prima facie case of delivery made out by the registration. *Linker v. Linker*, 167 N. C., 651.

A presumption of delivery arises from registration. *Smithwick v. Moore*, 145 N. C., 110.

This is sufficient to support a verdict, even against opposing proof. *Buchanan v. Clark*, 164 N. C., 56; *Fortune v. Hunt*, 149 N. C., 358.

The subsequent acts or declarations of grantor are not admissible to rebut presumption of delivery arising from registration. *Helms v. Austin*, 116 N. C., 751.

Retaining possession of a deed, and the land conveyed thereby, will not overcome the presumption of delivery arising from registration, as between father and wife and children. *Helms v. Austin, supra.*

Of course, nobody denies the right and the power of the father, T. Jarvis Smith, nothing else appearing, to give his daughter the $1,500 note and mortgage in controversy herein, and since he registered it

FAIRCLOTH v. JOHNSON.

prior to the sale of the lands in controversy to the defendant, which sale, as against the plaintiff, only took place at the time of the registration of the defendant's deed, we see no ground upon which the defendant can justly complain, in the light of his actual knowledge all the time of the non-age of the plaintiff.

In the instant case, the cancellation on the original papers must have been entered by the payee and mortgagee named therein, there being no evidence and no contention that the same had been marked canceled by any assignee or North Carolina bank. In fact, it would seem that, if such had been the case, the same rule as to disaffirmance by an infant would, also, apply. It would be totally unnecessary to cite authority to prove that the plaintiff's suit to obtain benefits of the note and mortgage is an acceptance thereof and a disaffirmance of any cancellation that she had made, even if such cancellation by her was supported by the evidence. On the contrary, the defendant alleges that the mortgage in controversy remained in the possession of the mortgagor, the father of the plaintiff, and that he, therefore, had the right and authority to cancel the same of record, which he did. Under the statute C. S., 2594, subsec. 2, there is no authority given to the register of deeds to enter cancellation of record upon the cancellation thereof by the mortgagor. It is expressly therein provided otherwise. *Guano Co. v. Walston,* 187 N. C., 667; *Bank v. Sauls,* 183 N. C., 165

In *Tate v. Tate,* 21 N. C., 22, the Court, upon facts quite similar to the instant case, rendered a like judgment to that entered herein.

We find it unnecessary to pass upon the very interesting question discussed in this case with reference to the form of the marginal entry. In any event, the infancy of the plaintiff is a sufficient shield to protect her against the cancellation pleaded by the defendant.

Recently the question of infancy has been thoroughly considered and discussed with cogent reasoning and abundant authority in *Morris Plan Co. v. Palmer,* 185 N. C., 109, and in *Hight v. Harris,* 188 N. C., 328.

The instant case comports with the reasoning in these cases and in *Jackson v. Beard, supra,* in which it is said: "The basic reason for permitting infants to avoid these deeds and contracts is that until they are 21 they are not supposed to have the mental capacity to make them."

Upon the record in this case, it is apparent that, on account of the admitted infancy of the plaintiff, the charge of the trial court was correct. Therefore, we hold that there is

No error.