BOBBY FLOARS TOYOTA, INC. v. CHARLES EDWARD SMITH, JR. AND STELLA L. SMITH

No. 808DC167

(Filed 2 September 1980)

**Infants § 2– purchase of car by minor – contract not disaffirmed within reasonable time after majority – ratification of contract**

Defendant who executed an installment loan contract for the purchase of an automobile while a minor did not disaffirm his contract within a reasonable time after reaching the age of majority by relinquishing the automobile to plaintiff dealer ten months after reaching majority. Furthermore, defendant ratified the contract by continuing to possess and operate the automobile and continuing to make the monthly installment payments for ten months after becoming eighteen years of age and thereby waived his right to disaffirm the contract.

APPEAL by plaintiff from *Ellis (Kenneth R.), Judge.* Judgment entered 6 September 1979 in District Court, WAYNE County. Heard in the Court of Appeals 12 June 1980.

Defendant Charles Edward Smith, Jr., purchased an automobile from plaintiff on 15 August 1973. On that date defendant was seventeen years old, and would have his eighteenth birthday on 25 September 1973. Defendant executed a purchase

Toyota, Inc. v. Smith

money security agreement to finance $2,362, the balance due on the purchase price of the automobile, payable in 30 installments of $99.05 each. Plaintiff subsequently assigned the purchase money security agreement to First Union National Bank (First Union). After having made eleven monthly payments pursuant to the installment loan contract, ten of which were made after his eighteenth birthday, defendant voluntarily returned the automobile to plaintiff, and defaulted on his payment obligations. Upon default, First Union reassigned the purchase money security agreement to plaintiff, which proceeded to sell the automobile at public auction. At the time of sale a balance was owing on the purchase money security agreement of $1,521.52. The automobile was sold for $700, leaving a deficiency of $821.52. After its demand of defendants for payment of the deficiency was refused, plaintiff instituted this action to recover damages in the amount of the deficiency.

On hearing, the trial court, sitting as jury, found that defendant Charles Edward Smith, Jr., was a minor at the time he purchased the automobile and that he properly "disaffirmed the contractual obligation with the plaintiff by voluntarily relinquishing said automobile approximately ten months after attaining his majority." The court concluded further that "this ten month period is a reasonable time within which to disaffirm his contractual obligations under the circumstances of this case." The court also found that defendant Stella L. Smith, defendant's mother, signed the purchase money security agreement only in the capacity of a witness, and incurred no liability. From the judgment dismissing plaintiff's complaint, plaintiff appeals.

*David M. Rouse for plaintiff appellant.*

*No counsel contra.*

MORRIS, Chief Judge.

The only question posed for review is whether defendant Charles Smith's voluntary relinquishing the automobile ten months after attaining the age of majority constitutes a timely disaffirmance of his contract with plaintiff.

The rule in North Carolina regarding a minor's contract liability is as follows:

> It is well settled that the conventional contracts of an infant, except those for necessities and those authorized by statute, are voidable at the election of the infant and may be disaffirmed by the infant during minority or within a reasonable time after reaching majority. *Personnel Corp. v. Rogers*, 276 N.C. 279, 172 S.E. 2d 19; *Fisher v. Motor Co.*, 249 N.C. 617, 107 S.E. 2d 94; *Collins v. Norfleet-Baggs*, 197 N.C. 659, 150 S.E. 177; *Chandler v. Jones*, 172 N.C. 569, 90 S.E. 580.

*Insurance Co. v. Chantos*, 293 N.C. 431, 443-44, 238 S.E. 2d 597, 605 (1977); *Personnel Corp. v. Rogers*, 276 N.C. 279, 172 S.E. 2d 19 (1970); *Eubanks v. Eubanks*, 273 N.C. 189, 159 S.E. 2d 562 (1968). "[W]hat is a reasonable time depends upon the circumstances of each case, no hard-and-fast rule regarding precise time limits being capable of definition." *Insurance Co. v. Chantos*, 25 N.C. App. 482, 490, 214 S.E. 2d 438, 444, *cert. denied*, 287 N.C. 465, 215 S.E. 2d 624 (1975).

This concept of "reasonable time" is more fully explained in *Weeks v. Wilkins*, 134 N.C. 516, 522, 47 S.E. 24, 26 (1904), where the Court quoted from Devlin on Deeds, Vol. I, sec. 91:

> The most reasonable rule seems to be that the right of disaffirmance should be exercised within a reasonable time after the infant attains his majority, or else his neglect to avail himself of this privilege should be deemed an acquiescence and affirmation on his part of his conveyance. The law considers his contract a voidable one, on account of its tender solicitude for his rights and the fear that he may be imposed upon in his bargain. But he is certainly afforded ample protection by allowing him a reasonable time after he reaches his majority to determine whether he will abide by his conveyance, executed while he was a minor, or will disaffirm it. And it is no more than just and reasonable that if he silently acquiesces in his deed and makes no effort to express his dissatisfaction with his act,

Toyota, Inc. v. Smith

he should, after the lapse of a reasonable time, dependent upon circumstances, be considered as fully ratifying it.

This rule was cited and applied in many early cases, sometimes modified by a special rule applying exclusively to conveyances of land, where the court in some situations deemed three years after majority as a reasonable time within which to disaffirm a deed or mortgage executed before majority. *Faircloth v. Johnson*, 189 N.C. 429, 127 S.E. 346 (1925); *Hogan v. Utter*, 175 N.C. 332, 95 S.E. 565 (1918); *Chandler v. Jones*, 172 N.C. 569, 90 S.E. 580 (1916); *Baggett v. Jackson*, 160 N.C. 26, 76 S.E. 86 (1912); *Weeks v. Wilkins, supra.*

Applying the general rule in an action involving a contract concerning personalty, the Court in *Hight v. Harris*, 188 N.C. 328, 124 S.E. 623 (1924), for example, held that an infant may avoid such a contract on account of his infancy during his minority or on coming of age, "if he acts promptly in the matter." 188 N.C. at 330, 124 S.E. at 624. *See also Insurance Co. v. Chantos*, 293 N.C. 431, 238 S.E. 2d 597 (1977); *Eubanks v. Eubanks, supra.* In *Insurance Co. v. Chantos*, 25 N.C. App. 482, 214 S.E. 2d 438, *cert. denied*, 287 N.C. 465, 215 S.E. 2d 624 (1975), this Court stated that "the defendant's silence or acquiescence for eight months after reaching majority may work as an implied ratification, that determination depending upon whether his failure to disaffirm within that eight-month period was within a reasonable time . . . ." 25 N.C. App. at 490, 214 S.E. 2d at 444. In the instant case, we believe that ten months is an unreasonable time within which to elect between disaffirmance and ratification, in that this case involves an automobile, an item of personal property which is constantly depreciating in value. Modern commercial transactions require that both buyers and sellers be responsible and prompt.

We are of the further opinion that defendant waived his right to avoid the contract. The privilege of disaffirmance may be lost where the infant affirms or otherwise ratifies the contract after reaching majority. Our Supreme Court has held that, under the particular circumstances, certain affirmations or conduct evidencing ratification were sufficient to bind the

infant, regardless of whether a reasonable time for disaffirmance had passed. *E.g. Watson v. Watson*, 204 N.C. 5, 167 S.E. 389 (1933) (acceptance of proceeds from sale of land); *Baggett v. Johnson, supra* (inaction); *Weeks v. Wilkins, supra* (delay); *Gaylord v. Respass*, 92 N.C. 553 (1885) (inaction); *Caffey v. McMichael*, 64 N.C. 507 (1870) (act of ownership); *McCormic v. Leggett*, 53 N.C. 425 (1862) (acceptance of payment). *See also Chandler v. Jones, supra. See generally* 43 C.J.S. *Infants* § 168 (1978); Simpson on Contracts §§ 106-108 (2d ed. 1965). Application of this rule often leads to an equitable result, particularly where the infant can be fairly said to have recognized and adopted as binding a contract under which the infant accepts the benefits of the contract to the prejudice of the other party.

In the present case, it is clear that defendant Smith recognized as binding the installment note evidencing the debt owed from his purchase of an automobile. It is undisputed that he continued to possess and operate the automobile after his eighteenth birthday, and he continued to make monthly payments as required by the note for ten months after becoming eighteen. In fact, defendant's conduct in returning the automobile and acquiescing in default being entered against him is strong evidence that defendant recognized the security agreement, which provided for repossession after default, as controlling. There is no evidence to indicate that defendant ever made a demand for rescission of the contract because of his infancy or that he ever had any intention of doing so. We hold, therefore, that defendant's acceptance of the benefits and continuance of payments under the contract constituted a ratification of the contract, precluding subsequent disaffirmance. *Watson v. Watson, supra.*

Reversed and remanded.

Judges VAUGHN and WELLS concur.