Pearson, J.
 

 An infant is presumed not to have sufficient discretion to enable him to transact business and make contracts. So, the general rule is, that the contract of an infant is not binding on him. The exception is, that an infant is bound to pay for goods sold and delivered to him, provided they are necessary for his support. This is put on the ground, that unless an infant can get credit for “ necessaries” “ he may starve”; or as it is expressed in some of the cases,
 
 “
 
 an infant must live, as well as a man, therefore, the law gives a reasonable price to those who furnish him with necessaries
 
 ad viekwn et vesúiüom,
 
 i. e. for victuals and clothes.”
 
 Lord Coke
 
 says, Co. Lit. 112, a, “ It is -agreed by all the books, that an infant may bind himself to pay for his necessary meat, drink, apparel, physic and such
 
 other
 
 necessaries.” These last words embrace boarding; for shelter is as necessary as food and clothing. They have also been extended so as to embrace schooling, and nursing (as well as physic) while sick. In regard to the quality of the clothes and the kind of food, &e., a
 
 *3
 
 restriction is added, that it must appear that tbe articles were suitable to the infants degree an,d estate.
 

 This is familiar learning, but in making the application, it is proper to bear in mind the principle upon which the exception is made. His Honor was of opinion that a contract for fifty-five dollars worth of timber, for the purpose of building a house, made by the defendant while an infant living with his mother, fell within the exception, inasmuch as the timber was used for building a house on the infant’s land “ suitable to his estate and station in society,” and
 
 “
 
 such as are usually occupied by prudent- economical young men just setting out in life with estates like the defendant’s”; it also appearing that he had married, and was living in the house with his wife apd child at the time of thee trial.
 

 We
 
 agree, that if an infant marries, the principle of the exception extends to his wife and child. They are to be furnished with necessary food and clothing; for there is no more reason why they should “starve” than the infant himself; but in regard to the timber, and the necessity for building a house, we differ with his Honor.
 

 The plaintiff’s counsel was unable to cite any authority, or even a
 
 dictum,
 
 in support of his. Honor’s opinion, and it is manifestly against the reason of the thing. If the infant is bound to pay for the timber, he must-pay for the nails, glass, &c.,'the wages of the workman;'-in other words, for the whole house; and if this be so, on the ground that it is necessary for him to have a house to live in, it follows that he must pay for a horse, a wagon, a plough, &c.; because such things are necessary to enable him to cultivate his land; then would follow a few cattle and hogsso, the result would be to make the exception broader than' the general rule, and take from infants that protection which the law considers they stand in need of, by reason of their want of discretion.
 

 There is another fact set forth in the case which makes the decision erroneous, not only in respect to the timber, but in respect to the fourteen dollars worth of articles admitted to be necessaries, if the defendant’s counsel had insisted upon
 
 *4
 
 the objection as to them: The "defendant, at the time the articles were contracted for,
 
 had a gua/rddan.
 

 While an infant lives, with a parent, he cannot bind himself even for necessaries, unless it be proved that the parent was. unable or unwilling to furnish the child with such clothes, &c., as the parent considers necessary, “ for no man shall take upon himself to dictate to a parent what clothing the child shall wear, at what time they shall be purchased, or of whom.”
 
 Bainbridge
 
 v. Pickering, 2 Blackstone’s Rep. 1325.
 

 “
 
 Guardians for infants are presumed to furnish all necessaries, and a stranger who furnishes' board, or any thing else, must, except under peculiar circumstances, take care to contract with the guardian.”
 
 State
 
 v.
 
 Cook,
 
 12 Ire. Rep. 67
 
 ; Hussey
 
 v.
 
 Roundtree,
 
 Busb. Rep. 110 ;
 
 Hyman
 
 v.
 
 Cain,
 
 3 Jones’ Rep. 111 ;
 
 Richardson
 
 v.
 
 Strong,
 
 13 Ire. Rep. 106 ;
 
 Downey
 
 v. Bullock, 7 Ire. Eq. Rep. 102. These cases settle the rule, that where there is a guardian, the replication “ for necessaries” does not avoid the plea of
 
 “
 
 infancy”; because the fact of there being a guardian, whose duty'it is to furnish all necessaries for the support of the ward, shows that it was not necessary for the infant to contract. To allow him to do so, would defeat the provision which forbids guardians to exceed the income of their wards, and in fact, would put the ward beyond the control of his guardian. It is stated in this case that the guardian assumed no control over the defendant. That does not
 
 prove
 
 that it was not his duty to do so. But if an infant may contract for timber, build houses, and stock his farm with horses, cattle, &c., it is idle to talk about the control of his guardian. The fate of this defendant (for we see from the record, that this action was commenced against him by attachment, as an absconding debtor,) proves the wisdom of the law and the need infants have of its protection.
 

 Per Curiam.
 
 Venire de now.