Manly, J.
 

 The bill, although of doubtful frame and object, seems to be filed with a view either to get the purchase-money back, or to get a title for the land in question. The equity for this alternative relief is based upon one of two grounds: first, that defendant was of age, and ought to be made to adhere to and perform his contract; or, second, that
 
 *391
 
 he is not of age, but fraudulently represented himself to be so, -whereby complainant was entrapped, and, therefore, defendant ought to be constrained, either to pay or to make title.
 

 "With respect to the first ground, we are entirely satisfied that the proof is against the complainant. The defendant was under age at the time of the contract of sale, as proved by his uncle and aunt, and by other corroborating evidence, so as to leave no doubt of the fact. Such equity, therefore, as depends upon the defendant’s being of full age, is unsupported and falls.
 

 The remaining equity which rests upon the allegation of a fraud, is not left by the proofs upon any satisfactory footing. The principal negotiator in the transaction complained of, was the father of the defendant, who, it seems, was a profligate and spend-thrift, and who exercised an arbitrary control over the son. He asserted the son was of age. The uncle and aunt of the youth had informed the complainant that he was not of age, yet the negotiation is still carried on.
 

 At the closing interview the defendant is present. The en-quiry still is, whether he is of age. The father asserts it and the son acquiesces, or, according to one witness, repeats the assertion. A leaf from a book with names and ages inscribed, is exhibited by the father, and the bargain is closed. The purchase is made with two buggies, a lot of small notes, and $1.23 in cash; and, according to the weight of testimony, a large proportion of the proceeds went into, the hands of the father, who set up a small grocery upon them.
 

 Several features are prominent in this affair, that destroy plaintiff’s equity.’*' In the first place regarding it in the most favorable light, the complainants deal with a youth, not of age in fact, but according to their conclusion, just of age, and buy of him his farm for buggies and small notes. The father’s presence afforded no protection, for he was a spend-thrift, and expected to enjoy what was received.
 

 The trade, under such circumstances, without further evidence, is not entitled to favor in a court of equity. It is a sharp dealing with the folly and recklessness of youth.
 

 
 *392
 
 There is another feature in this transaction which is opposed to the plaintiff’s equity. They had sufficient warning that defendant was not of age, to induce fair and prudent men to desist, and yet they persevered, choosing' to run the hazards for the gain. They ought to abide the result of the chances.
 

 The Court perceives the plaintiffs have- sustained' a serious-loss, but it is one which they have suffered in-sucll way as to-leave them without right to equitable relief. It was chiefly suffered at the hands of the elder Jones, andj to the extent that the younger acted at all, he seems to have- been a-passive-instrument in the hands of the other. The-defendant derived little or no benefit from the transaction-, and as against him,, plaintiffs are entitled to no relief.
 

 The injunction, under which the defendant lies, should be dissolved, and the bill dismissed.
 

 Peh CuRiam,. Decree accordingly..