ELBERT E. COLLINS BY HIS GENERAL GUARDIAN, ERNEST F. COLLINS, v.
NORFLEET-BAGGS, INC.

(Filed 6 November, 1929.)

1. **Infants B c—Market value and not contract price of property traded
   may be recovered by infant upon his disaffirmance of contract.**

   Where in a contract for the purchase of an automobile an infant is
   allowed a certain sum for a truck traded in by him, upon disaffirmance
   of the contract by the infant during his minority and his suit, brought by
   his next friend, to recover the consideration paid by him, the contract is
   binding upon neither party thereto, and he is entitled to recover such sums
   as he has paid on the purchase price and the reasonable market value of
   the truck at the time of the trade, and if the truck is returned to him, the
   market value at the time of the trade should be fixed by assessing a rea-
   sonable amount for depreciation and use, if any, while in the possession
   of the defendant, and an instruction that fixes the value of the truck at
   the amount allowed therefor in the contract is reversible error.

2. **Infants B d—Liability of infant for tortious use or destruction of
   property received by him under contract he has disaffirmed.**

   Where an infant disaffirms his contract for the purchase of personal
   property during his minority he is not required by law to account for its
   use while in his possession or for its loss if squandered or destroyed by
   him before avoidance of the contract, but he is accountable for its tor-
   tious use or destruction after such avoidance and before its surrender.

APPEAL by defendant from *Moore, J.*, at February Term, 1929, of
FORSYTH.

Civil action to recover the value of a Chevrolet truck and the sum
of $40.95.

On 21 April, 1928, the plaintiff, being a minor, entered into a con-
tract with the defendant, by the terms of which he traded a Chevrolet
truck, valued at $250, for a Dodge sport roadster, valued at $659.50,
and executed note and mortgage on the Dodge roadster for the balance
of $409.50. On 21 May, 1928, the plaintiff made a payment of $40.95
on his note.

Thereafter the Dodge sport roadster was destroyed in a wreck; where-
upon, the plaintiff elected to disaffirm his contract, and now sues to
recover $290.95, being the sum of the value placed upon the Chevrolet
truck at the time of the trade, to wit, $250, and the payment of $40.95,
subsequently made on the note.

The trial court instructed the jury that if the plaintiff was a minor at
the time of the trade, he would be entitled to recover $290.95, with
interest from 22 September, 1928. Exception by defendant.

The jury found that the plaintiff was a minor, and answered the issue
of indebtedness in accordance with the above instruction.

From the judgment entered thereon the defendant appeals, assigning errors.

*Geo. R. Holton and W. Reade Johnson for plaintiff.*
*Ratcliff, Hudson & Ferrell for defendant.*

STACY, C. J. When an infant elects to disaffirm a contract, relative to the sale or purchase of personal property, other than one authorized by statute or for necessaries, what are the rights of the parties?

1. An infant may avoid such a contract, either during his minority or upon arrival at full age. *Pippen v. Insurance Co.,* 130 N. C., 23, 40 S. E., 822.

2. Upon such avoidance, the infant may recover the consideration paid by him, either in money or property, with the limitation that he must restore whatever part of that which came to him under the contract he still has, or account for so much of its value as may have been invested in other property which he has in hand or owns and controls. *Hight v. Harris,* 188 N. C., 328, 124 S. E., 623; *Millsaps v. Estes,* 137 N. C., 536, 50 S. E., 227, 14 R. C. L., 238.

3. But the infant is not required to account for the use or depreciation of the property while in his possession, or for its loss, if squandered or destroyed, for this is the very improvidence against which the law seeks to protect him *(Utterstorm v. Kidder,* 124 Me., 10, 124 Atl., 725), with the exception, perhaps, that he might be required to account for any insurance money received by him, on the theory that such money was a substitute for the property destroyed. *Morris Plan Co. v. Palmer,* 185 N. C., 109, 116 S. E., 261; *Devries v. Summit,* 86 N. C., 132.

4. The infant, however, would be liable for any tortious use or disposition of the property after such avoidance and before its surrender to those from whom it was obtained. *Devries v. Summit, supra.*

5. Where the infant parts with personal property he may, upon disaffirmance, recover the value of such property, as of the date of the contract, but he is neither bound by, nor entitled to be awarded, the price fixed by the contract, for its real value may be more or less than the amount so stipulated. *Carpenter v. Grow,* 247 Mass., 133; *Beickler v. Guenther,* 121 Iowa, 419. Neither side is bound by any part of the contract, when once rescinded. *Morris Plan Co. v. Palmer, supra.*

In the instant case the plaintiff is entitled to recover the $40.95 which he paid on his note, together with the fair market value of the Chevrolet truck at the time of the trade. But he is not entitled, as a matter of law, to the sum of $250, the stipulated exchange value of said truck. In so instructing the jury, the trial court committed error. Its market value may be more or less than its stipulated exchange value.

If the Chevrolet truck is to be returned to the plaintiff, the jury will fix its value, as of the date of the contract, by assessing a reasonable amount for depreciation and use,. if any, while in the possession of the defendant.

For the error, as indicated, in the court's instruction on the measure of damages, a new trial must be awarded; and it is so ordered.

New trial.