HENRY H. COKER AND WIFE, RUTH COKER, v. VIRGINIA-CAROLINA JOINT-STOCK LAND BANK, INC., AND G. M. MAXWELL.

(Filed 20 March, 1935.)

1. **Home site A b: Mortgages A a: Infants A c—Minor wife may disaffirm her joinder in mortgage on husband's home site upon her majority.**

   A minor wife's joinder in the execution of a mortgage on the home site of her husband may be disaffirmed by her within three years after her majority, her husband living, and the execution of the instrument never having been ratified by her, and upon such disaffirmance the mortgage is void, N. C. Code, 4103, and sections 997, 4102, 4103 (a) (b), being separate and distinct statutes, *are held* to have no application to this action.

2. **Infants B a—**

   With certain common-law and statutory exceptions, N. C. Code, 220 (i), 994, 4103 (b), 5181, contracts of infants are voidable at the option of the infant, and when so avoided are void *ab initio.*

APPEAL by defendant Virginia-Carolina Joint-Stock Land Bank, Inc., from *Small, J.,* at January Civil Term, 1934, of WAYNE. Affirmed.

It was alleged in the complaint that the land in controversy is fifty-five acres. It is further alleged: "That the plaintiff Henry H. Coker and Ruth Holmes intermarried on 5 September, 1925, and the said plaintiffs continued to occupy the said land till the fall of 1931. *It being their only home and all the land that they owned.* That on 1 November, 1926, the plaintiffs executed a deed of trust on said above 55 acres of land to the Southern Trust Company, trustee, for the defendant Virginia-Carolina Joint-Stock Land Bank. That on account of the low price of farm products and the high cost of materials which he had to buy in order to farm, that the plaintiff Henry H. Coker, during the years 1928, 1929, and 1930, found it very hard to meet his semiannual payments called for in said deed of trust, and in the year 1931 he was unable to meet his payments due the defendant bank, and although he pleaded for more time and agreed to give additional personal security the said bank refused to give more time. That the defendant bank foreclosed the said deed of trust in August, 1931, and put the plaintiffs out of possession in the fall of 1931. That the plaintiffs are informed and believe that the said bank has since conveyed the said land to defendant G. M. Maxwell, who claims to be in possession of the same. The plaintiff Ruth Coker, the wife of the plaintiff Henry H. Coker, says that at the time of the execution of the aforesaid deed of trust above mentioned she was only 16 years of age, and knew nothing of business, was uneducated, and ignorant of the contents of the said deed of trust, and did not know the meaning of the contents thereof, or that she was conveying away her rights to the home site of herself and her husband, said Henry H. Coker, and that she has not, since becoming of age, by word, act, or deed confirmed the signing of said deed of trust, and that it has not been three years since she became 21 years old. That the said plaintiff Ruth Coker did not receive the money loaned to Henry H. Coker by the defendant bank; that she now disaffirms, repudiates, and avoids the said deed of trust, executed by her to the said defendant, the Virginia-Carolina Joint-Stock Land Bank, Inc., and wishes the said deed of trust set aside, and that she be put back into possession of her said home site, the said 55 acres of land. That the fair rental value of the said 55 acres of land per annum is $300.00. That there were 40 acres cleared, that it would make a bale of cotton per acre, and that it was fine tobacco land.

"Wherefore, the plaintiff Ruth Coker prays: That the deed of trust to the Southern Trust Company, trustee, for the defendant, the Virginia-Carolina Joint-Stock Land Bank, Inc., be declared void; and that the deed from said bank to the defendant G. M. Maxwell be declared void or

set aside; and that she, the plaintiff Ruth Coker, be put into possession of said 55 acres of land described in the foregoing complaint; and that she recover the sum of $300.00 per annum from 1 January, 1932, until possession be restored to her; and for any other and further relief that she, the said plaintiff, may be entitled to; and for the cost of action."

The judgment overruling the demurrer in the court below is as follows: "This cause coming on to be heard and being heard before his Honor, W. L. Small, judge holding the courts of the Fourth Judicial District at Goldsboro, N. C., at the January Civil Term of Wayne Superior Court, upon the demurrer filed in said cause by the defendant Virginia-Carolina Joint-Stock Land Bank and the plaintiffs and said defendant being represented in court by counsel; and the court having heard the arguments presented on behalf of the plaintiffs and on behalf of the said defendant Virginia-Carolina Joint-Stock Land Bank, and having examined the complaint filed in said cause, and being of opinion that the complaint does state a cause of action, in that the same alleges that the property conveyed by the deed of trust, in which the plaintiff Ruth Coker joined during her minority, was a conveyance of the home site owned by her husband, and that this action was brought for the recovery of the possession of said home site within three years after the female plaintiff became 21 years of age, and that her husband, plaintiff Henry H. Coker, is living. It is now therefore ordered, adjudged, and decreed that the demurrer filed in this cause by the defendant Virginia-Carolina Joint-Stock Land Bank be and the same is hereby overruled, and said defendant shall have an opportunity to file its answer within the time allowed by law."

Judgment was rendered on the verdict. The only exception and assignment of error made by defendant was to the judgment as signed.

*H. B. and Ed Parker and W. A. Dees for plaintiff.*
*Worth & Horner for defendant.*

CLARKSON, J. The question presented: Does N. C. Code 1931 (Michie), sec. 4103, authorize a married woman under the age of 21 years to convey her interest in the home site as defined in said statute? We think not.

It is alleged in the complaint that the land in controversy contained fifty-five acres, and it being the only home and all the land owned by plaintiffs. That at the time of the execution of the deed of trust to the Southern Trust Company, trustee for the Virginia-Carolina Joint-Stock Land Bank, Inc., Ruth Coker was 16 years of age. "And that she has not, since becoming of age, by word, act, or deed confirmed the signing of said deed of trust, and that it has not been three years since she became 21 years old."

N. C. Code 1931 (Michie), sec. 4103, is as follows: "No deed or other conveyance, except to secure purchase money, made by the owner of a home site, which shall include the residence and other buildings, together with the particular lot or tract of land upon which the residence is situated, whether actually occupied by said owner or not, shall be valid to pass possession or title during the lifetime of the wife without the voluntary signature and assent of his wife, signified on her private examination according to law: *Provided,* the wife does not commit adultery, or has not and does not abandon the husband and live separate and apart from him."

Sections 997, 4102, and 4103 (a) (b), are separate and distinct statutes and have no application to the facts in the present case. In regard to the "home site" so far as the rights of the wife are concerned, the statute is mandatory. The language is that "no deed or other conveyance, except to secure purchase money . . . shall be valid to pass possession, or title, during the lifetime of the wife," etc. This whole matter was thoroughly discussed in *Boyd v. Brooks,* 197 N. C., 644, and the act held constitutional. In that case the wife did not join in the conveyance of the "home site" as required by the statute. In the present case she joined in the conveyance of the "home site," but was an infant under 21 years of age, and from the complaint has never ratified the conveyance within three years after she became of age. The general rule is that contracts of an infant are voidable at the option of the infant, and when avoided the contract is null and void *ab initio. Pippen v. Mutual Ben. Life Ins. Co.,* 130 N. C., 23; *Morris Plan Co. v. Palmer,* 185 N. C., 109; *Collins v. Norfleet-Baggs,* 197 N. C., 659. To the general rule there are exceptions, such as necessities and certain statutory exceptions. N. C. Code (Michie), secs. 220 (i); 994; 4103 (b), *supra;* 5181 (Building and Loan Association), and perhaps others. For the reasons given, the judgment of the court below is

Affirmed.