This was a civil action for the recovery of a truck and for judgment on note, in which defendant T. T. Edwards set up a defense of infancy *Page 738 
at time contract was made and a counterclaim against plaintiff and his codefendant, Mid-South Motors, Inc. From an adverse verdict and judgment, T. T. Edwards appealed to the Supreme Court.
The jury having been selected, sworn and impaneled, the pleadings were read, the witnesses duly sworn and the following evidence offered and agreements made by and between the counsel:
"By consent of counsel for plaintiff and defendants, it is agreed that the first issue is to be answered Yes. It is agreed between the parties hereto that the contract used on in this action, dated 5 March, 1936, was duly executed by the defendant T. T. Edwards on the date of the execution of said contract the defendant T. T. Edwards paid to the Mid-South Motors, Inc., the sum of $287.45 as the initial payment on the purchase price of the truck sold and delivered to T. T. Edwards on the date of the execution of said contract, and that the said T. T. Edwards, on 5 April, 1936, paid $53.77; 5 May, 1936, $53.77; 5 June, 1936, $53.77; and on 5 July, 1936, paid the sum of $53.77, the last four payments aggregating the sum of $214.66, being paid to the General Motors Acceptance Corporation. It is further agreed between the parties hereto that the balance due on said contract by the defendant, provided the jury should find that it is a valid and binding contract, is $430.16, with interest from 16 November, 1936, this balance to be credited with the gross sale price of the Chevrolet truck, to wit: $300.00."
The judgment of the court below was as follows: "This cause coming on to be heard and being heard at December, 1937, Civil Term of the Superior Court of Moore County, North Carolina, before the undersigned judge and a jury, sworn and impaneled to try the cause, upon the following issues:
"`1. Did the defendant T. T. Edwards execute the conditional sales contract on 5 March, 1936, as alleged in the complaint? Ans.: "Yes," by consent.
"`2. Was the defendant T. T. Edwards at said time a minor, as alleged in the defendant T. T. Edwards' answer? Ans.: "No."
"`3. What sum, if anything, is the plaintiff entitled to recover of the defendant T. T. Edwards? Ans.: "$130.16."
"`What sum, if anything, is the defendant T. T. Edwards entitled to recover of his codefendant, the Mid-South Motors, Inc? Ans.: "Nothing."
"`5. What sum, if anything, is the defendant T. T. Edwards entitled to recover of the plaintiff? Ans.: "Nothing."'
"According to stipulations made and agreed to between the parties to this action in the trial of this case, all of the aforesaid issues, except issue No. 2, were answered by consent. The jury, for its verdict, answer the second issue `No.' *Page 739 
"It is therefore, upon motion of the General Motors Acceptance Corporation, plaintiff, and the Mid-South Motors, Inc., defendant, considered, ordered and adjudged that the defendant T. T. Edwards take nothing in this action, and that the plaintiff General Motors Acceptance Corporation have and recover $130.16, with interest from this date until paid, against the defendant T. T. Edwards, same being the balance of the purchase price of said motor truck, after entry of proper and agreed credits, and it is further ordered and adjudged that the defendant T. T. Edwards and the surety on his prosecution bond, if any, pay the cost of this action to be taxed by the clerk of this court. Frank M. Armstrong, Judge Presiding."
The defendant T. T. Edwards made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be considered in the opinion.
T. T. Edwards, the defendant, disaffirmed his contract, demanded judgment for what he had paid on the truck (which was seized by plaintiff under claim and delivery — not replevined), and set up the defense of infancy. All the issues were answered by consent of the parties to the controversy except the second: "Was the defendant T. T. Edwards at said time a minor, as alleged in the defendant T. T. Edwards' answer?" This issue was submitted to the jury by consent and was answered "No."
"In Chandler v. Jones, 172 N.C. 569 (572), Allen, J., says: `The contract of an infant is voidable and not void, and it may be either ratified or disaffirmed upon attaining majority at the election of the infant. If money is paid to an infant upon a contract and it is consumed or wasted, the infant may recover the full amount due under the contract.'Rawls v. Mayo, 163 N.C. 177; Hogan v. Utter, 175 N.C. 332; Gaskins v.Allen, 137 N.C. 430; Baggett v. Jackson, 160 N.C. 31. See Faircloth v.Johnson, 189 N.C. at p. 431. The defense of infancy must be set up in the answer, and if not pleaded will be considered as waived. Hicks v. Beam,112 N.C. 642." Cole v. Wagner, 197 N.C. 692 (699). See Morris Plan Co. v.Palmer, 185 N.C. 109; Hight v. Harris, 188 N.C. 328; Coker v. Bank,208 N.C. 41.
The determination of the controversy depended on the jury's answer to the second issue. T. T. Edwards testified that he was 21 years of age on 15 April, 1936. The truck was purchased on 5 March, 1936; at that time he was not asked how old he was and he did not tell his age. That he bought a truck prior to this time, in 1935, from Mid-South Motors, Inc., his codefendant in this action. The mother and father of T. T. *Page 740 
Edwards testified that he was born on 15 April, 1915. A book and the Bible were offered in evidence to corroborate them. The plaintiff and defendant Mid-South Motors, Inc., contradicted the evidence of T. T. Edwards and introduced O. L. Seymour, vice president and manager of Mid-South Motors, Inc., who testified that he was with the business on 15 March, 1936, and sold the truck to Edwards. That prior to that time he had sold a truck to Edwards. That Edwards made the customary down payment and the balance was financed through the plaintiff. He testified that he asked Edwards certain questions as to his birth and Edwards said he was born 4/15/1914. Seymour then made entry on the statement as follows: "Customer's full name — T. T. Edwards. First — Surname — Date of birth — 4/15/1914. Color — White. (This was signed.) Undersigned warrants the truth and accuracy of foregoing information. Customer signs — T. T. Edwards." The witness Seymour further testified: "He (Edwards' father) was present when he bought the other truck. I am talking about the truck T. T. Edwards bought from my company in 1935. Q. Was T. T. Edwards at that time asked by you as to what his age was and a statement taken just as in this case? Ans.: Yes, sir. And his age was recorded, and there was no contention at that time by his father, who was present, that he was under age."
E. B. Bowman testified: "I saw T. T. Edwards sign his name down there on the line indicated for the customer to sign on statement which has been identified as defendant Mid-South Motors, Inc., Exhibit No. 1."
The general reputation of O. L. Seymour, T. T. Edwards and his father and mother were proved to be good. There was no plea of ratification or estoppel and the case was tried on the theory that if the jury found that T. T. Edwards was a minor he was entitled to judgment for the payments he had made on the truck. Plaintiff had seized the truck under claim and delivery and same had not been replevied. On this aspect the court charged the jury as follows: "Now, on this second issue, gentlemen of the jury, which is the only one you are concerned with in this case, the burden of proof is on the defendant T. T. Edwards to satisfy you from the evidence and by the greater weight thereof that he was a minor on 5 March, 1936, and that is the question necessary for you to decide in this case — whether or not on this day the defendant T. T. Edwards was a minor."
There was no objection to the charge as to the burden of proof. We see no merit in the exceptions and assignments of error made by T. T. Edwards challenging the correctness of the court below's admitting evidence of alleged oral declarations of the said Edwards as to his age and questionnaire alleged to have been signed by him. The issue was one of age. Edwards now says he was one month and 10 days under age when he got the truck and signed the contract. The vendor, O. L. Seymour, testified that he told him the date of his birth was 15 April, *Page 741 
1914, and signed a statement to that effect, and "Warrants the truth and accuracy of foregoing information." The question of the truth or falsity of a matter does not depend on whether the testimony was given by a minor or adult. If it is competent its credibility is for the jury. We think the evidence competent to contradict the testimony of T. T. Edwards and his witnesses, and the issue of age was for the jury to determine.
The defendant T. T. Edwards prayed the court below to give two special instructions. The first was modified and explained and as given we see no prejudicial error. The second was declined as written, but the substance given in the charge. In this we see no error. Odum v. Oil Co., ante, 478 (483-4).
The court below in its charge said: "The plaintiff says and contends, gentlemen of the jury, that on the day this contract was made and executed, to wit: 5 March, 1936, that the defendant in this case appeared to be a man who had reached his majority, that is, 21 years of age, and that they had dealt with him before and says and contends that he made representations to them before that he was 21 years of age and the plaintiff says and contends that on this day in question in answer to a form that it was necessary to fill out before this contract could be entered into, the defendant T. T. Edwards told Mr. Seymour he was 21 years of age and answered certain other questions, so the plaintiff says and contends, gentlemen of the jury, that the defendant now is trying to disaffirm this contract and get out of an obligation and recover the money he has paid out on account of the fact of his minority and his claim that on the day in question he was not of age, and the plaintiff says and contends you ought not to believe that (that you ought to find from the facts and circumstances in this case that the defendant was of age on the day in question, 5 March, 1936)."
The defendant T. T. Edwards excepted and assigned error to the above, which we cannot sustain. He contended that "It is submitted to the jury that plaintiff contended appellant was impeached because he pleaded his minority," etc. That he was asserting a legal right which he was justified in doing without "inadversion or criticism," and "Neither the court below nor this Court, as courts, and as ministers of the law, can be wiser than the law itself; and cannot in an official capacity entertain or express views at variance with the law as written."
Edwards likewise contends that the charge is inaccurate in other respects as to the appearance of Edwards that he was 21 years of age. That the witness had dealt with him before and he made representations to them that he was 21 years of age. It will be noted that the court below gives all the matters complained as contentions: "The plaintiff says and contends, gentlemen of the jury," etc. *Page 742 
In S. v. Sterling, 200 N.C. 18 (23), it is written: "Slight inaccuracies in the statement of the evidence by the court in its charge to the jury, not called to its attention at the time, cannot be held as prejudicial error."
In S. v. Barnhill, 186 N.C. 446 (450), citing numerous authorities, is the following: "If the recitals of the court were incorrect as to the facts of the case, it was the duty of the defendant to call the court's attention to it, so that the correction could be made then and there. If this was not done at the time, the defendant cannot complain and wait and except when the case is made up on appeal." S. v. Sinodis, 189 N.C. 565 (571);Sorrells v. Decker, 212 N.C. 251. In Smith v. Hosiery Mill, 212 N.C. 661, the facts are different and that case is inapplicable.
The defendant Edwards excepted and assigned error (which cannot be sustained) to the following portion of the charge: "Now, on the other hand, gentleman of the jury, the plaintiff in this case, the General Motors Acceptance Corporation, says and contends that you ought to answer this issue No; that is, that T. T. Edwards was over 21 years of age on 5 March, 1936. It says and contends that the defendant in this case has failed to carry the burden of proof which the law places on him, that is, to satisfy you, by the greater weight of the evidence, that he was under 21 years of age. That is, the plaintiff says that the quality of this evidence is such that you ought not to believe it and believe it by the greater weight of the evidence, plaintiff saying and contending first, gentlemen of the jury, that the defendant and all of his witnesses are interested and likely to testify along the line of their own interest and that of the defendant, he being their son, so plaintiff says and contends first, that when you go out to weigh the evidence you ought to take that into consideration; that they are interested in the outcome of this verdict. You will recall the instructions which the court gave you relative to the evidence of interested witnesses." The above portion of the charge objected to was a contention and based on the evidence. Edwards contends that "His Honor charged the jury, attempting to do so as a contention, that they might infer something was the matter with the `quality' of appellant Edwards' evidence," etc.
The court below had theretofore charged the jury: "The law says, gentlemen of the jury, or it is said by reason of our law, that it is the duty of the jury to look into and examine the evidence of interested witnesses because an interested witness might testify along the line of his or her own interest, if you find they are interested; however, it is said by reason of the law after you examine and look into an interested witness' testimony, if you find such interested witness is telling the truth then his or her evidence is entitled to the same weight and credit as that of a disinterested witness. Also it is said by reason of our law, gentlemen *Page 743 
of the jury, that a person of good character is more apt to tell the truth than a person of bad character and, therefore, it is said by reason of the law, that when you go to weigh the credibility and weight of a witness' testimony whose character has been proved good or bad it is proper for you to give consideration to character evidence; that is, it is not substantive evidence in the case but it goes to the weight and credit and the witness whose character has been shown to be good or bad, so it is proper for you to consider character evidence in arriving at the truth in this case." This part of the charge was not objected to. The word "quality" complained of by Edwards was used not in the sense of natural superiority, but as to the weight given to interested witnesses.
In In re Mrs. Hardee, 187 N.C. 381 (382-3), it is written: "We are unable to agree with propounder's interpretation in its entirety, or to conclude that this instruction, taken in connection with other portions of the charge, should be held for reversible error, even if slightly objectionable, standing alone. It is now settled law that the charge of the court must be considered and examined by us, not disconnectedly, but as a whole, or at least the whole of what was said regarding any special phase of the case or the law. The losing party will not be permitted to select detached portions of the charge, even if in themselves subject to criticism, and assign errors as to them, when, if considered with other portions, they are readily explained, and the charge in its entirety appears to be correct. Each portion of the charge must be considered with reference to what precedes and follows it. In other words, it must be taken in its setting. The charge should be viewed contextually and not disjointedly. Any other rule would be unjust, both to the trial judge and to the parties."
The appellant's exception and assignment of error which complains that the court improperly charged the jury with respect to the good character of the witness Seymour. This was a proper contention as evidence was offered of the good character of the witness. It is contended that this was error because the court did not refer to the good character of appellant and his witnesses. This is not borne out by the record. Appellant, in his brief, complains that the court did not in this connection, or elsewhere, charge or refer to similar evidence of the defendant Edwards' good character and that of his witness. With respect to this the court charged as follows: "So, on this issue, gentlemen of the jury, the defendant T. T. Edwards says and contends you ought to answer this second issue Yes; that is, that he was under the age of 21 years at the time he executed this contract on 5 March, 1936. He says and contends, gentlemen of the jury, first, that both he and his witnesses are men and women of good character, and that men of good character and women of good character are more apt to tell the truth than people of bad character and, therefore, he says and contends that *Page 744 
he has testified to you that he knows his age and he says that on 5 March, 1936, he lacked a month and ten days of being 21 years of age, and says that he was born on 15 April, 1915, and therefore, upon a simple matter of calculation, it being admitted that this contract was executed on 5 March, 1936, that would make him less than 21 years of age, and therefore he says and contends that he has testified to that fact and that he is a man of good character and, therefore, you ought to find that he was less than 21 years of age on that date." The issue was a simple one to determine the age of T. T. Edwards. Taking the charge as a whole, we can see no prejudicial or reversible error.
No error.