ROY J. BARGER v. M. & J. FINANCE CORPORATION, Inc., AND ASHEVILLE NASH COMPANY.

(Filed 4 March, 1942.)

**1. Infants § 5—**

A minor may elect to disaffirm a contract relative to sale and purchase of personal property other than one authorized by statute or one for necessaries.

**2. Same—Contract for purchase of car is not for necessity, and minor may disaffirm.**

Evidence that the ownership of an automobile was advantageous to an infant and that he would not have been promoted in his job without an automobile available for his use, is insufficient to show that the automobile was necessary for him to earn a livelihood, and therefore the automobile is not among those necessaries for which a minor may be held liable, and upon his majority he may disaffirm the contract and sue to recover the part of the purchase price paid, possession of the car having been surrendered.

APPEAL by defendant Asheville Nash Company from *Olive, Special Judge,* at January Term, 1942, of BUNCOMBE.

Civil action to recover for moneys paid on contract during minority.

The plaintiff, being a minor, entered into a contract in the fall of 1939 for the purchase of a Graham-Paige automobile from the Asheville Nash Company for the sum of $275.00, and on which car plaintiff paid the defendant Asheville Nash Company $38.45. On 29 December, 1939, plaintiff traded the car to the above company for a Nash automobile. The plaintiff entered into a new contract and agreed to pay a difference of $257.00 for the Nash automobile. The paper was purchased by the M. & J. Finance Corporation, Inc., and plaintiff paid to that concern $116.50.

The plaintiff having become delinquent in his payments, the M. & J. Finance Corporation, Inc., on 14 October, 1940, instituted an action for the repossession of the Nash automobile and did repossess and retain the same. On 21 October, 1940, the plaintiff, having attained the age of 21 years, instituted this action before a justice of the peace in Buncombe County to recover the full amount paid to both defendants. Judgment was entered for plaintiff and defendants appealed to the Superior Court of said county.

Pending the trial of this action the case of *M. & J. Finance Corporation, Inc., v. Roy J. Barger* was tried and resulted in a verdict of $116.50 in favor of Roy J. Barger. The judgment was paid and the plaintiff herein took a voluntary nonsuit as to M. & J. Finance Corporation, Inc.

At the trial of this cause the plaintiff reduced his claim to only $38.45, having received from the M. & J. Finance Corporation, Inc., all the consideration paid on both automobiles except this amount.

By consent the jury answered the issues as to the execution of the contract by the plaintiff and the minority of plaintiff at the time of the execution of the contract in the affirmative. It was stipulated by counsel and admitted in evidence that if defendant was indebted to plaintiff in any sum it should be $38.45, and on an appropriate issue the jury returned a verdict in favor of plaintiff for that amount.

From the judgment entered on the issues the .defendant appeals to the Supreme Court and assigns error.

*Cecil C. Jackson for plaintiff.*
*Jordan & Horner for defendant.*

DENNY, J. The exceptions pertinent to this appeal all relate to the refusal of the court to permit the introduction of evidence tending to show that the automobile purchased by the plaintiff was a necessary for him in his work and to earn a livelihood, and to the refusal of the court to submit to the jury the following issue: "Was the automobile a necessary for the plaintiff to enable him to hold his position and earn a livelihood?"

The general rule, and one consistently followed by this Court, is that a minor may elect to disaffirm a contract, relative to the sale or purchase of personal property, other than one authorized by statute or for necessaries. *Chandler v. Jones,* 172 N. C., 569, 90 S. E., 580; *Morris Plan Co. v. Palmer,* 185 N. C., 109, 116 S. E., 261; *Collins v. Norfleet-Baggs,* 197 N. C., 659, 150 S. E., 177; *Acceptance Corp. v. Edwards,* 213 N. C., 736, 197 S. E., 613.

In the case of *Chandler v. Jones, supra,* the Court said, at p. 572: "The contract of an infant is voidable and not void, and it may be either ratified or disaffirmed, upon attaining majority, at the election of the infant. If the money is paid to an infant upon a contract, and it is consumed or wasted, the infant may recover the full amount due under the contract; but if the money is used for his benefit, and he has in hand property in which it has been invested, he cannot retain the property without allowing a just credit for the money paid to him; and if after becoming of age he continues to hold the property and uses it or disposes of it, this is evidence of a ratification. *Caffey v. McMichael,* 64 N. C., 508; *Skinner v. Maxwell,* 66 N. C., 48; *MacGreal v. Taylor,* 167 U. S., 688."

The question as to what are necessaries often arises.

In *Freeman v. Bridger,* 49 N. C., 1, *Pearson, J.,* speaking to the subject: "*Lord Coke* says, Co. Lit., 172a, 'It is agreed by all the books, that

an infant may bind himself to pay for his necessary meat, drink, apparel, physic and such *other* necessaries.' These last words embrace boarding; for shelter is as necessary as food and clothing. They have also been extended so as to embrace schooling and nursing (as well as physic) while sick. In regard to the quality of the clothes and the kind of food, etc., a restriction is added, that it must appear that the articles were suitable to the infant's degree and estate." *Cole v. Wagner,* 197 N. C., 692, 150 S. E., 339.

In the case of *Morris Plan Co. v. Palmer, supra,* the Court, in considering the rights of an infant to disaffirm his contract relating to personal property, said at page 111 : "This doctrine seems to be established. It is approved and maintained with practical unanimity, and while the infant's right to disaffirm his contract may sometimes be exercised to the injury of the other party, the right nevertheless exists for the protection of the infant against his own improvidence, and may be exercised entirely in his discretion. 1 Elliott on Contracts, sec. 302; 3 Page on Contracts, sec. 1593; *Dibble v. Jones,* 58 N. C., 389."

The evidence in the instant case tends to show that the ownership of an automobile was advantageous to the plaintiff and that he would not have been promoted without an automobile available for his use. Nevertheless it does not appear that an automobile was necessary for him to earn a livelihood. Hence we are of opinion and hold that an automobile is not among those necessaries for which a minor may be held liable.

In the judgment of the court below we find

No error.