ALFRED JEFFERSON FISHER, BY ISRAEL FISHER, HIS FATHER AND NEXT FRIEND v. TAYLOR MOTOR COMPANY, INC.

(Filed 25 February, 1959.)

**1. Infants § 2—**

Where an infant buys a car and wrecks it, he may disaffirm the contract and recover that part of the purchase price furnished by him, less the value of the car in its wrecked condition, notwithstanding that the father of the infant, prior to the wreck, in stating that he had paid a part of the purchase price, made no complaint or suggestion of nonage or other disability of his son.

**2. Pleadings § 28—**

A motion for judgment on the pleadings is in the nature of a demurrer and may be allowed only when the pleading of the opposite party fails to present any material issue of fact.

**3. Infants § 2—**

Where defendant, in a suit by an infant to recover the purchase price of an article upon disaffirmance of the contract of sale, controverts the amount of the purchase price furnished by the infant. an issue of fact is raised for the determination of the jury, and plaintiff is not entitled to judgment on the pleadings, notwithstanding the question of minority is not controverted.

**4. Same:   Constitutional Law § 10—**

Whether the law as to the liability of an infant on a contract of sale of an automobile should be changed is not a question for the Court, since the Court interprets and does not make the law.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by both plaintiff and defendant from *Moore (C. L.) J.,* at August Term 1958 of PAMLICO.

Civil action to recover of defendant refund of purchase price of automobile to plaintiff, a minor.

Plaintiff alleges in his complaint, substantially the following:

That he, the plaintiff, a minor, whose residence is with his father in Pamlico County, North Carolina, purchased a 1953 Oldsmobile automobile from defendant, a corporation, organized and doing business under the laws of North Carolina, with principal office in New Bern, North Carolina, for the sum of $750.00, which he paid; that, as he is informed, advised and believes, he is entitled to have the purchase price of the automobile returned to him; that he notified defendant of his desire to return the automobile, and rescinded the contract and requested the return of purchase price, but defendant refused to make a refund of the purchase price with interest or to receive the automobile; and he prays judgment.

Defendant, while admitting its corporate existence and that plain-

tiff purchased a 1953 Oldsmobile, denies in material aspects other allegations.

And for another and further defense and as a cross-action against plaintiff, defendant makes substantially these averments: That plaintiff represented himself to be of full age and fully able to contract; that thereupon defendant agreed to sell him the automobile referred to in the pleadings for the sum of $750.00 and said amount of money was paid; that before defendant could furnish title certificate, the father of plaintiff came to defendant and represented that he had provided out of his own funds a large part of the money given for the automobile; that no complaint or suggestion of nonage or other disability was made to defendant until after plaintiff had taken and operated the automobile in violation of the criminal laws of North Carolina,—"resulting in said automobile being entirely wrecked and destroyed, causing same to become of no value"; that the first complaint received by defendant about the transaction was "a demand by letter dated January 8, 1958, addressed to defendant, claiming that said plaintiff was a minor, demanding the return of the purchase price" but that no tender has been made of the automobile or any part of it to defendant; and that "by reason of the wrongful acts, torts and crimes of the plaintiff, the said automobile has been wholly and completely destroyed, and that by reason of said acts the defendant is relieved of any liability to plaintiff." And defendant further alleges upon information and belief that a large part of the purchase money paid for the automobile was not the property of plaintiff but of other parties, and defendant is not liable for such sums as were so supplied.

Wherefore, defendant prays that he go without day, etc.

The court allowed plaintiff to amend his complaint to allege that at the time of disaffirmance of the contract by plaintiff, the property was no longer in his possession and had no value.

And the record and case on appeal show that in this case the counsel for the respective parties agreed on the answers to all of these issues, except the fourth, and had the court to write in the answers so that there was only one issue, the fourth, for the jury, and the jury answered that issue as indicated below:

"1. Was the plaintiff, Alfred Fisher, under 21 years of age on August 29, 1957?    Answer: Yes.

"2. Did the plaintiff, Alfred Fisher, purchase an automobile from the defendant, Taylor Motor Company, on August 29, 1957? Answer:  Yes.

"3. Did the plaintiff pay the sum of $750.00 for said automobile?
Answer: Yes.

"4. How much of the money paid for said automobile belonged
to the plaintiff, Alfred Fisher? Answer: $600.00.

"5. On what date did the plaintiff, Alfred Fisher, cause notice
to be given to the defendant, Taylor Motor Company that he
disaffirmed said contract of purchase? Answer: January 8, 1958.

"6. Was said automobile injured and damaged because of the
negligence and unlawful act of the plaintiff, Alfred Fisher, on
December 28, 1957? Answer: Yes.

"7. What was the reasonable market value of said automobile
on December 28, 1957, prior to the injury and damage of said
automobile by the negligence and unlawful act of the plaintiff?
Answer: $400.00.

"8. Did the plaintiff return or tender the said damaged automo-
bile to the defendant at the time of the disaffirmance of the con-
tract by him? Answer: No.

"9. What was the value of said automobile on the date the plain-
tiff gave notice to the defendant of his disaffirmance of his con-
tract of purchase? Answer: $50.00.

Thus in effect the issues so answered by agreement constitute stipu-
lation of facts, so to speak. And upon these facts and the verdict the
court adjudged that plaintiff have and recover of the defendant the
sum of $550.00, with interest thereon from the 8th day of January,
1958, together with the costs of the action to be taxed by the Clerk.

The defendant and the plaintiff each except to the judgment, and
appeals to Supreme Court and assigns error.

*Robert G. Bowers, Norris C. Reed, Jr., for plaintiff, appellant.*
*R. E. Whitehurst for defendant, appellant.*

WINBORNE, C. J.    The relative rights of plaintiff and of defendant,
in such cases, are well defined in principles of law announced by and
prevailing in this Court. See *Collins v. Norfleet-Baggs,* 197 N.C. 659,
150 S.E. 177; *Morris Plan Co. v. Palmer,* 185 N.C. 109, 116 S.E. 261;
*McCormick v. Crotts,* 198 N.C. 664, 153 S.E. 152; *Coker v. Bank,*
208 N.C. 41, 178 S.E. 863; *Barger v. Finance Corp.,* 221 N.C. 64, 18
S.E. 2d 826, and cases therein cited.

As to what the rights of the parties are when an infant elects to
disaffirm a contract relative to the sale or purchase of personal prop-
erty, other than as authorized by statute or for necessaries, this Court
in the *Collins* case, *supra,* in opinion by *Stacy, C. J.,* declared, in per-

tinent part: "1. An infant may avoid such a contract either during his minority or upon arrival at full age * * *

"2. Upon such avoidance, the infant may recover the consideration paid by him, either in money or property, with the limitation that he must restore whatever part of that which came to him under the contract he still has, or account for so much of its value as may have been invested in other property which he has in hand or owns and controls * * *

"3. But the infant is not required to account for the use or depreciation of the property while in his possession, or for its loss, if squandered or destroyed, for this is the very improvidence against which the law seeks to protect him * * *

"4. The infant, however, would be liable for any tortious use or disposition of the property after such avoidance and before its surrender to those from whom it was obtained * * *."

In the light of these principles, applied to facts of case in hand, the plaintiff at the time an infant, was entitled, during his minority, to disaffirm the contract made by him with defendant for the purchase of the automobile in question. And upon such avoidance he was entitled to recover the consideration paid by him, either in money or property, with the limitation that he restore whatever part he still has of the automobile which came to him under the contract.

And the jury, upon the pleadings, supported by evidence tending to show controversy as to the fact, having found that only $600.00 of the money which was paid for the automobile belonged to plaintiff, and the parties having by the answer to the ninth issue stipulated that the value of the automobile, on date (January 8, 1958) plaintiff gave notice to defendant of his disaffirmance of the contract of purchase, was $50.00, plaintiff was entitled to judgment for the $600.00, less the $50.00, or $550.00, with interest and costs as rendered by the trial judge.

Now, as to plaintiff's appeal, from denial of his motion for judgment on the pleading:

In this connection a motion for judgment on the pleadings is in the nature of a demurrer, and is allowable only where the pleading of the opposite party is so fatally deficient in substance as to present no material issue of fact. *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384, and cases cited.

Applying this principle, it may not be held that the pleadings here raise no issue as to what was amount of the purchase price plaintiff paid.

Lastly, as to defendant's appeal: While confessing awareness of

the general law with reference to contracts with infants, defendant, through its counsel, thinks "that the time has come when the courts should make a distinction in dealing with articles such as automobiles which an infant is permitted under statute to drive and for which an infant is responsible to the State and to society for a violation of the rights by which an automobile may be operated." It is not so written. This Court interprets and does not make the law.

Since neither plaintiff nor defendant prevails in this Court on points upon which the judgment is challenged, each party will bear the cost of his own brief, and the remaining cost of appeal will be taxed by the Clerk equally upon plaintiff and defendant.

Hence on plaintiff's appeal—No Error.

On defendant's appeal—No Error.

MOORE J., took no part in consideration or decision of this appeal.