GASTONIA PERSONNEL CORP. v. BOBBY L. ROGERS

No. 6927DC225

(Filed 18 June 1969)

**1. Infants § 2— liability of minors on contracts**

A minor is obligated to pay for necessaries, as an exception to the general rule that a minor may disaffirm a contract made by him.

**2. Infants § 2— contract liability — questions of law and of fact**

The question of whether a particular item or service is a necessity is a mixed question of law and fact; whether the article or service is within one of the classes for which a minor is liable is a question of law; whether the item or service is in fact necessary and of reasonable price is a question for the jury.

**3. Infants § 2— contract liability — employment agency**

A minor is not liable for services rendered by a professional employment agency in finding him a job.

APPEAL by plaintiff from *Mason, (William A.), J.,* 24 February 1969 Civil Session, District Court for the 27th Judicial District sitting in the County of GASTON.

The plaintiff, a corporation, is a professional employment agency in Gastonia, North Carolina. On 29 May 1968 the defendant, Bobby Rogers, went to the plaintiff's place of business seeking aid in finding employment. At this time the defendant was 19 years of age, married, and was a student at Gaston Tech. However, it was going to be necessary for him to quit school and go to work because his wife ·was expecting a baby in September. Defendant entered into a contract· with the plaintiff providing that if he accepted employment as a result of a lead given by the employment agency, defendant would pay the agency a fee according to a schedule set out on the face of the contract. Maurine Finley, a personnel counselor with the plaintiff corporation, conferred with the defendant and arranged for him, to interview Spratt-Seaver, Inc. in Charlotte, North Carolina, on 1 June 1968. As a result of this interview, the plaintiff obtained employment with Spratt-Seaver, Inc., with a starting salary of $4,784. According to the schedule set out on the face of the contract between the plaintiff and defendant, plaintiff's fee for this service was $295.

Plaintiff seeks to recover this amount. At the end of the plaintiff's evidence, the trial court entered a judgment dismissing the plaintiff's action. From this judgment the plaintiff appealed.

*Joseph B. Roberts, III, for plaintiff appellant.*

*Henry M. Whitesides by T. Lamar Robinson, Jr., for defendant appellee.*

MORRIS, J.

This appeal presents but one question: that is, whether the employment of the services of a professional employment agency may be considered a "necessary" expense so that an infant is obligated to pay for them.

[1, 2] The general rule is that a minor may disaffirm a contract made by him. The exception to this rule is that a minor is obligated to pay for necessaries. *Turner v. Gaither,* 83 N.C. 357; and *In Re Peacock,* 261 N.C. 749, 136 S.E. 2d 91.

What are necessaries?

"In *Freeman v. Bridger,* 49 N.C., 1, *Pearson, J.,* speaking to the subject: 'Lord Coke says, Co. Lit., 172a, "It is agreed by all the books, that an infant may bind himself to pay for his necessary

meat, drink, apparel, physic and such *other* necessaries." These last words embrace boarding; for shelter is as necessary as food and clothing. They have also been extended so as to embrace schooling and nursing (as well as physic) while sick. In regard to the quality of the clothes and the kind of food, etc., a restriction is added, that it must appear that the articles were suitable to the infant's degree and estate.'" *Barger v. Finance Corp.*, 221 N.C. 64, 18 S.E. 2d 826.

In North Carolina the question of whether a particular item or service is a necessity is a mixed question of law and fact. Whether the article or service is within one of the classes for which he is liable is a question of law. Whether the item or service was in fact necessary and of reasonable price is a question for the jury. *Smith v. Young*, 19 N.C. 26.

[3]    We do not think that the services of a professional employment agency may be considered "necessary" so that a minor may not disaffirm a contract for such services. It makes no difference that the defendant has profited by the efforts of the plaintiff. He is still free to disaffirm the contract. *Fisher v. Motor Co.*, 249 N.C. 617, 107 S.E. 2d 94. The plaintiff's services were advantageous to the defendant, and clearly he was in need of a job when they were rendered; however, it does not appear that they were necessary for him to earn a livelihood. The judgment below is

Affirmed.

CAMPBELL and BROCK, JJ., concur.